Commonwealth *v.* Scasserra, Appellant.

Argued June 15, 1962. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Hymen Schlesinger,* with him *M. Y. Steinberg,* for appellant.

*Martin Lubow,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., September 13, 1962:

Defendant Philip Scasserra was indicted for burglary. He waived a jury trial and on August 18, 1961, was found guilty by Hon. WILLIAM F. CERCONE. On August 25, 1961, he was sentenced to two and one-half to five years and ordered sent to the Western Correctional Diagnostic and Classification Center of Pennsylvania, from which sentence he has appealed.[1]

On August 22 defendant had filed a motion for a new trial which was not specifically disposed of at the time of sentence but was argued before a court en banc and dismissed on May 17, 1962, which was subsequent to the taking of this appeal on September 26, 1961. By an amendment to his motion defendant sought to convert it into one for both a new trial and in arrest of judgment. The court en banc refused both, although it could have disposed of the one in arrest of judgment without consideration since it was not timely filed, the amendment incorporating it being made long after the time allowed for such motions. In fact, neither should have been disposed of since the record had previously

---

[1] At the same time he was sentenced to not less than nine months nor more than eighteen months in the Western Penitentiary on a conviction for receiving stolen goods on an indictment at 68 October Sessions, 1960, for which he had been tried prior to his trial on the burglary charge. It was provided that the two sentences should run concurrently.

been removed to this Court; furthermore, the judgment of sentence was, in fact, a disposition of same. *Commonwealth v. Grow,* 48 Pa. Superior Ct. 373.

Appellant-defendant has assigned numerous reasons why he should be granted a new trial or have the judgment arrested. However, since the motion to arrest the judgment was untimely, we shall not consider the reasons offered in its support; and since we are of the opinion that the ends of justice require a new trial, we shall discuss only our reason for that action.

This case was tried on August 18, 1961, and a verdict of guilty entered the same day. The court made no order continuing the hearing, but did provide for sentencing on Friday of the following week, August 25, 1961, indicating that some presentence investigation would be made. However, on that day, instead of proceeding with the sentence, the hearing was reopened and additional testimony taken on the qualification of one of the expert witnesses who had testified at the earlier hearing, and in addition, testimony was taken from another expert in corroboration of the first. At the conclusion of this additional testimony the court said (p. 77) : "Let the record show that the testimony of Mr. Valenta and Mr. Botton was made for the purpose of qualifying and developing the qualifications of these men, and it is their entire testimony upon which the court's opinion is founded. . . ." Judge CERCONE then proceeded again to declare appellant guilty of burglary, and pronounced sentence.

In *Commonwealth v. Brown,* 192 Pa. Superior Ct. 498, 162 A. 2d 13, we held that once a decision was made in a criminal case, tried without a jury as authorized by the Act of June 11, 1935, P. L. 319, No. 141, as amended, 19 P.S. §786 et seq. (pp), that decision is a general verdict as though rendered by a jury, and, therefore, the trial judge had no further authority over it except as permitted by the Act of June 15, 1951,

P. L. 585, §1, 19 P.S. 871 (pp), relating to motions in arrest of judgment or for a new trial. Based on this decision we might be inclined to review this matter as the record stood at the time of the pronouncement of appellant's guilt on August 18, 1961, and ignore the additional testimony taken on August 25, except as it might bear on the matter of sentencing. However, in the face of the court's statement that its pronouncement of guilt was based on the testimony taken on both occasions, we feel that the pronouncement on August 18 did not satisfy the rule compelling the Commonwealth to prove its case beyond a reasonable doubt. The court admittedly had some doubt about the correctness of its verdict as entered on August 18, and to relieve its mind of that doubt took the additional testimony on August 25.

However, there is another noticeable injustice to defendant which indicates a violation of the rule of due process. When he was summoned for sentencing on August 25, he did not expect to be confronted with additional witnesses and with testimony that he might be compelled to answer. His counsel requested the right to call a refuting witness, but was denied that right unless he was available at that time (p. 72):

"MR. FRIEDMAN: Your Honor, I think if the defendant had an expert witness which we think we can possibly get and have these things clarified, I think that we would be able to clarify what this witness states, or another witness states with a true identification. THE COURT: Well, that is your prerogative. Are you going to present a witness, an expert witness? MR. FRIEDMAN: I can't at this time."

We appreciate that there is more flexibility in trials conducted by a judge without a jury than with one, that in order to dispose of the large number of cases that arise in large metropolitan areas non-jury trials are encouraged, and that Judge CERCONE, in the pres-

ent case, made a sincere and thorough effort to reach the truth and do justice; nevertheless, we observe here a violation of the ordinary rules which are applicable to the trial of criminal cases whether with or without a jury, and we are not prepared to say that such violations were not prejudicial to appellant.

Judgment reversed with a venire.

RHODES, P. J., ERVIN and WRIGHT, JJ., would affirm on the opinion of the court below.