## Commonwealth *v.* Hazlett, Appellant.

Argued March 12, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John V. Snee,* for appellant.

*Charles B. Watkins,* Assistant District Attorney, with him *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, April 16, 1968:

This is an appeal from the judgment of sentence of the Court of Oyer and Terminer of Allegheny County. After being convicted by a jury of voluntary manslaughter and after denial of his post-trial motions, appellant was sentenced to six to twelve years imprisonment. The victim, Mark Brooks, stepson of appellant, died on January 9, 1963, as the result of a ruptured spleen. Although there were multiple other injuries on the body of the decedent, the testimony of the pathologist, called by the prosecution, was that death resulted from rupture of the spleen, as a result of great force being applied in the area of that organ.

Appellant's motions for arrest of judgment and new trial were denied by the court below. He asserts, in support of his new trial motion, numerous trial errors, particularly in the admission of evidence. We find it unnecessary to consider any of those contentions, for we are of the opinion that the admitted evidence was insufficient to support the verdict, and that the motion in arrest of judgment must be granted.

We are not unmindful of the standard to be applied in considering a motion in arrest of judgment, set forth

478

fully in *Commonwealth v. Tabb*, 417 Pa. 13, 16, 207 A. 2d 884 (1965) : "In passing upon such a motion, the sufficiency of the evidence must be evaluated upon the *entire trial record*. All of the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom. The effect of such a motion is to admit all the facts which the Commonwealth's evidence tends to prove. See, Commonwealth v. Moore, 398 Pa. 198, 157 A. 2d 65 (1959), and Commonwealth v. Wright, 383 Pa. 532, 119 A. 2d 492 (1956). Also, in passing upon such a motion, all evidence actually received must be considered, whether the trial rulings thereon were right or wrong. Cf. Rosche v. McCoy, 397 Pa. 615, 156 A. 2d 307 (1959) ; Commonwealth v. Harbaugh, 197 Pa. Superior Ct. 587, 179 A. 2d 656 (1962) ; and, Commonwealth v. Wright, supra, (by implication). See also, Commonwealth v. Turner, 389 Pa. 239, 133 A. 2d 187 (1957)." (Emphasis in original.) See also: *Commonwealth v. Mussoline*, 429 Pa. 464, 240 A. 2d 549 (1968). However, even under that standard, accepting all the disputed evidence and reading it in the light most favorable to the Commonwealth, the verdict cannot stand. It is unnecessary to describe at length the Commonwealth's evidence. Suffice it to say that the Commonwealth proved, in great detail, an incredibly vicious and disgusting course of conduct on the part of appellant in his treatment of the decedent. According to the Commonwealth's testimony, appellant not only beat decedent on several occasions, but performed other sadistic acts as well.

Yet despite our revulsion at the conduct of appellant, we are compelled to conclude that the Commonwealth failed to prove appellant's criminal responsibility for the death of his stepson. There is not one iota of evidence as to the force which caused the rup-

ture of the spleen. It would be sheer conjecture to find this defendant guilty, when there is nothing connecting appellant to the fatal injury. There was much testimony of numerous falls on decedent's part, which falls, among other things, could have caused his death.

Abhorrent as child maltreatment is to this Court, we cannot sustain a verdict of manslaughter where the only evidence (here assumed to be admissible) is of a *past* course of conduct. While the Commonwealth proved appellant a likely suspect, the evidence falls far short of proof of guilt beyond a reasonable doubt.

The judgment of sentence is reversed, and the motion in arrest of judgment is granted.