Commonwealth *v.* Zebrak, Appellant.

34

Argued November 13, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John Daley,* with him *T. Robert Brennan,* and *Brennan & Brennan,* for appellant.

*Carol Mary Los,* Assistant District Attorney, with her *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., December 11, 1969:

Appellant was convicted, without a jury, of conspiracy to commit blackmail. He appeals, alleging that the evidence against him was insufficient to prove

guilt beyond a reasonable doubt. We agree and re-verse.

The evidence can be summarized as follows:

Appellant was a police officer of the Borough of White Oak. He was one of two officers who signed a criminal information, charging one McCue with driving while under the influence of alcohol. Appellant, how-ever, had not seen McCue driving. He relied, in sign-ing the information, on facts given him by another officer, one Piekelek.

One Nevitt, a bondsman, posted a $1000 bond on Mc-Cue's behalf. He also approached McCue with an offer to "fix" the charge. Appellant was never mentioned as part of the "fix" although Nevitt tried to indicate that appellant would "go along." Appellant's coopera-tion in the "fix" however, was never necessary, since he could not incriminate McCue. McCue was duped into believing the contrary by Nevitt.

As part of his plan, Nevitt then arranged to pick up McCue and appellant before the hearing on the charge. Nevitt picked up McCue and then proceeded to appellant's house. When appellant entered the car, he asked Nevitt whether Nevitt had been paid. This question is subject to a number of interpretations, some consistent with innocence and some with guilt. We cannot, without more, choose one in order to convict, when others remain to raise a reasonable doubt. For instance, it is entirely possible that appellant, knowing Nevitt to be McCue's bondsman, asked Nevitt whether he had been paid for his services.

Nevitt responded that McCue would not pay until after his hearing, to which appellant responded, "That's okay." This, too, is subject to interpretations as consistent with innocence as with guilt. It is not unusual for bondsmen to be paid after preliminary hearings, or even later. Appellant's response could

very well have been meant to assure Nevitt that he need not worry about being recompensed.

At the hearing, appellant testified without contradiction that he had not seen McCue driving. Piekelek, who had seen the allegedly unlawful act, did not appear. It was the absence of his testimony which resulted in McCue's acquittal.

In summary, therefore, appellant's behavior, if not clearly innocent, was no more than suspicious. On such evidence, he could not be convicted.

It is axiomatic that the test of the sufficiency of the evidence is whether accepting as true all the evidence upon which the fact finder could properly have based its verdict, the evidence was sufficient in law to prove beyond a reasonable doubt that the appellant was guilty of the crimes charged. Compare *Commonwealth v. Tabb*, 417 Pa. 13, 207 A. 2d 884 (1965), with *Commonwealth v. Walker*, 428 Pa. 244, 236 A. 2d 765 (1968); *Commonwealth v. Crews*, 429 Pa. 16, 239 A. 2d 350 (1968); *Commonwealth v. Hazlett*, 429 Pa. 476, 240 A. 2d 555 (1968). In reviewing the evidence, the Commonwealth is entitled to all reasonable inferences arising therefrom. Compare *Commonwealth v. Tabb*, supra, with *Commonwealth v. Hazlett*, supra; *Commonwealth v. Zimmerman*, 214 Pa. Superior Ct. 61, 251 A. 2d 819 (1969).

Even when so viewed, the evidence fails to prove guilt beyond a reasonable doubt. As the Supreme Court stated in *Commonwealth v. Neff*, 407 Pa. 1, 19, 179 A. 2d 630 (1962): " 'To prove a criminal conspiracy the evidence must rise above mere suspicion or possibility of guilty collusion': Commonwealth v. Burdell, 380 Pa. 43, 49, 110 A. 2d 193. Over 100 years ago this Court, speaking through Justice STRONG, in Benford v. Sanner, 40 Pa. 9, 17, said: 'The humane presumption of the law is against guilt, and though a conspiracy

must ordinarily be proved by circumstantial evidence, yet it is not to be forgotten that the charge of conspiracy is easily made, . . . Mere suspicion, possibility of guilty connection, is not to be received as proof in such a case, and especially in such a case, because, when the connection is proved, the acts and declarations of others become evidence against the party accused.' Evidence to sustain a charge of conspiracy must be 'such as reasonably and naturally justifies an inference of guilt of the accused and is of such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt. [Citing cases] A conviction will not be allowed to stand if it is based solely upon suspicions and conjectures. Com. v. Clinton, supra, 391 Pa. 212, 218, 137 A. 2d 463.' Commonwealth v. Evans, supra, 190 Pa. Superior Ct. 179, 201, 202, 154 A. 2d 57."

Judgment of sentence is vacated and appellant is discharged.

WRIGHT, P. J., and WATKINS, J., would affirm the judgment of sentence.