Commonwealth, Appellant, *v.* Meadows.

Argued September 13, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Steven H. Goldblatt*, Assistant District Attorney, with him *Mark Sendrow*, Assistant District Attorney, *Abraham J. Gafni*, Deputy District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for Commonwealth, appellant.

*D. Eisman,* with him *Abraham T. Needleman, Gerald A. Stein,* and *Needleman, Needleman, Tabb & Eisman,* for appellee.

OPINION BY JACOBS, J., December 11, 1974:

The appellee was convicted following a bench trial on charges of aggravated robbery and burglary. The court subsequently granted a motion in arrest of judgment[1] based upon insufficiency of the evidence, and from that order the Commonwealth appeals. We reverse.

In reviewing an appeal from a trial court's grant of a motion in arrest of judgment our task is to determine whether the evidence offered by the Commonwealth was sufficient to support the verdict. *Commonwealth v. Froelich,* 458 Pa. 104, 326 A.2d 364 (1974). "To sustain the trial judge, we must find that, '. . . accepting all of the evidence and all reasonable inferences therefrom, upon which, if believed the jury could properly have based its verdict, it would be nonetheless insufficient in law to find beyond a reasonable doubt that the appellee is guilty of the crime charged.' " *Commonwealth v. Froelich,* supra, at 106, 326 A.2d at 365, *quoting Commonwealth v. Blevins,* 453 Pa. 481, 483, 309 A.2d 421 (1973) ; *see Commonwealth v. Williams,* 455 Pa. 539, 316 A.2d 888 (1974) ; *Commonwealth v. Ponton,* 450 Pa. 40, 299 A.2d 634 (1972). A verdict rendered by a judge sitting without a jury has the same force and effect as a jury verdict. *Commonwealth v. Scasserra,* 199 Pa. Superior Ct. 200, 184 A.2d 299 (1962), *cert. denied,* 373 U.S. 940 (1963).

The Commonwealth's evidence reveals that on July 5, 1971, three men robbed a candy store in Philadelphia. The proprietor of the store immediately notified the police, who within minutes were advised by someone

---

[1] Act of June 15, 1951, P.L. 585, §1, 19 P.S. §871 (1964).

that three men fitting the general description of the robbers had entered a particular house about two and a half blocks away. Two of the men were immediately arrested (the other was arrested several days later) and returned to the store where they were identified by the proprietor. At the house a gun was found which fit the description of the one used in the robbery, a red coca-cola carton filled with loose cartons of cigarettes was retrieved from the yard next door (these items had been stolen from the store), and six dollars in change was found in the back yard (the approximate amount taken during the robbery). Although the proprietor was confused at trial as to which two of the three robbers were returned to the store following the arrest, he positively identified the appellee in court as one of them. Additionally, a police officer testified that the appellee was one of the two returned and identified by the proprietor. Any inconsistency in identification was a matter of credibility to be determined by the trier of fact.

We conclude that the evidence offered by the Commonwealth was sufficient in law to support the original verdict of the trial judge, and that the court committed error in granting the motion in arrest of judgment.

The order granting the motion in arrest of judgment is vacated and the verdict reinstated. The case is remanded to the trial court for sentencing.