369 A.2d 279
**COMMONWEALTH of Pennsylvania,
Appellant,**
v.
**Nathaniel NELSON.**

Superior Court of Pennsylvania.

Submitted Dec. 16, 1975.

Decided Nov. 22, 1976.

34

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for appellant.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The instant case involves an appeal by the Commonwealth from a lower court order granting a defense motion in arrest of judgment. For reasons more fully set forth below, we reverse.

The record shows that the appellee, Nathaniel Nelson, was tried on June 3rd and 4th, 1975, on four indictments charging terroristic threats, robbery, rape and theft by extortion. His trial was held before the Honorable Francis A. Biunno, sitting without a jury. At the conclusion of the trial, the judge found Nelson guilty on robbery and rape charges, but issued acquittals on the re-

maining charges. Following trial, appellee filed a motion in arrest of judgment. Judge Biunno, on July 14, 1975, granted the appellee's motion in arrest of judgment.

In reviewing an appeal from a trial court's granting of motion in arrest of judgment, we must determine whether the evidence offered by the Commonwealth was legally sufficient to support the verdict. *Commonwealth v. Froelich,* 458 Pa. 104, 326 A.2d 364 (1974). To reach this determination, we accept all of the evidence and all reasonable inferences therefrom, upon which the fact-finder could have based the verdict; we can affirm the granting of a motion in arrest of judgment if, viewed in that manner, the evidence was nonetheless insufficient in law to find guilt beyond a reasonable doubt as to the crimes charged. *Commonwealth v. Blevins,* 453 Pa. 481, 309 A.2d 421 (1973). We must view the evidence in the light most favorable to the Commonwealth. *Commonwealth v. Hazlett,* 429 Pa. 476, 240 A.2d 555 (1968). Our task is the same whether the finder of fact was a jury or a judge sitting without a jury. *Commonwealth v. Meadows,* 232 Pa.Super. 292, 331 A.2d 827 (1974).

In the instant case, the record, in the light most favorable to the Commonwealth, shows that in late February, 1974, a woman was attacked during the late night hours on an elevator in her apartment house. Her assailant grabbed and hit her and then raped her. Her assailant fled with her wallet containing some twenty-five dollars ($25.00). Tests and treatment in a hospital after the attack showed a presence of spermatozoa in the vagina of the victim. Nobody was apprehended for the crime until June 29, 1974, more than four months after the incident. On that date, the victim saw the appellee on an elevator in her apartment building and summoned her family members who detained the appellee.

■■ At trial, the victim positively identified the appellee as the person who had attacked her. The lower court granted the motion in arrest of judgment primarily because of one aspect of the identification by the victim. Just after the attack the victim told police her assailant had blemishes or acne or pockmarks on his face. However, the lower court, in its Opinion in support of arrest of judgment, said:

"In the present case, the basis for the Court's granting of the Motion in Arrest of Judgment *rests fundamentally* on the fact that observation by the Court at trial and observation under better lighting conditions at argument on the Post Trial Motions, disclosed that the defendant was smooth skinned and had no pockmarks, acne or other facial blemishes or residual scars therefrom." (Emphasis added.)

In this case, where trial and post-trial motions took place over a year after the crime charged, we cannot affirm the rationale or disposition by the lower court. Facial blemishes or acne can certainly disappear over a year's time, but that fact alone does not lead to our conclusion. The trial record shows positive identification of appellee by a witness who obviously had an excellent opportunity to view her assailant at the time of the attack. Such positive and unshaken eyewitness testimony has been held sufficient in numerous cases to support convictions. See *Commonwealth v. Hickman,* 453 Pa. 427, 309 A.2d 564 (1973); *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A.2d 820, cert. denied 348 U.S. 875, 75 S.Ct. 112, 99 L.Ed. 688 (1954). We therefore hold that the evidence supporting guilt was sufficient and the grant of motion in arrest of judgment erroneous as to the robbery and rape charges.

■■ The appellee raises the additional contention that the Commonwealth has waived its right to appeal the order arresting judgment having failed to file any written response or make significant oral argument in

opposition to the appellee's post-trial motions. Cases such as *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974) are cited to support appellee's argument. We cannot find merit in appellee's waiver claims.

All of the cases which deal with the waiver concept direct themselves to the duty of a party to: (1) follow our procedural rules [1] and/or (2) bring alleged errors to the attention of the lower court in a timely manner to allow such lower court an opportunity to rectify errors before they are considered on appeal.[2] In considering the appellee's claim, we must first make reference to the Rules of Criminal Procedure. In doing so, we note no requirement that the Commonwealth, having obtained a conviction, must file a written response to a defendant's post-trial motions. With reference to the requirement that a party bring alleged errors to the lower court's attention in a timely manner to permit correction, it is not logical to contend that the verdict winner, in this case the Commonwealth after a finding of guilt, has such a duty. Rather, it is the burden of the party seeking to reverse the result (i. e., the defendant found guilty of criminal charges) to raise allegations of error arguably mandating a reversal of that result. We thus find no merit in appellee's waiver claim.

The Order granting the motion in arrest of judgment is vacated and the verdict reinstated. The case is remanded to the trial court for sentencing.

SPAETH, J., files a concurring opinion.

HOFFMAN, J., files a dissenting opinion.

SPAETH, Judge, concurring:

Anyone who has been a trial judge will recognize what happened here. The judge had a difficult decision to

1. See, for example, *Commonwealth v. Blair*, 460 Pa. 31, note 1, 331 A.2d 213, 214, note 1 (1975); *Commonwealth v. Clair, supra.*
2. See, for example, *Commonwealth v. Mitchell*, 464 Pa. 117, 346 A.2d 48 (1975); *Commonwealth v. Clair, supra; Commonwealth v. Reid*, 458 Pa. 357, 326 A.2d 267 (1974).

make. He made it—he found appellant guilty—but then he started to worry that perhaps he had made a mistake.

We have all experienced such worry. It can be very painful. It does not, however, justify a change of mind. Had the judge been sitting with a jury, and had one of the jurors come to him after the trial and expressed the wish to change his verdict, the judge would have told him that he could not. Here, the judge was the jury. He should have said to himself what he would have said to the juror.

It is important to note a distinction in the cases. If a judge sitting without a jury indicates by something he says on the record that when he found the defendant guilty, he had a reasonable doubt, we will—must—reverse. *Commonwealth v. Oglesby*, 438 Pa. 91, 94, 263 A. 2d 419, 420–421 (1970), *Commonwealth v. Molina*, 236 Pa.Super. 598, 601, 346 A.2d 351, 353 (1975) (Dissenting Opinion by Spaeth, J. in which Hoffman and Cercone, JJ., joined). The reason is that the record discloses error of law; the case is the same, in substance, as though the judge had been sitting with a jury and had failed to instruct the jury that it could not find the defendant guilty unless satisfied beyond a reasonable doubt. This is not such a case. There is nothing on the record to support the conclusion that when the judge found appellant guilty, he had a reasonable doubt. It only appears that the judge had some doubt later. Thus, no error of law appears. In these circumstances both the trial judge and we are without power to change the verdict.

I therefore concur in the majority's order.

HOFFMAN, Judge, dissenting:

Because I believe the lower court's actions in the instant case indicate that it had a reasonable doubt as to appellant's guilt, I dissent.

The appellant was found guilty of robbery and rape by Judge Biunno, sitting without a jury. Upon further re-

flection, however, Judge Biunno determined that there was a reasonable doubt as to the appellant's guilt, and thus granted appellant's motion in arrest of judgment. Judge Biunno based the latter decision on "the fact that observation by the Court at trial and observation under better lighting conditions at argument on the Post Trial Motions, disclosed that the defendant was smooth skinned and had no pockmarks, acne or other facial blemishes or residual scars therefrom. The primary factor for consideration was the proof of the identity of Mrs. Jordan's assailant. In this case, the alleged assailant was not arrested until four months after the crimes occurred. The fact that the defendant did not meet with Mrs. Jordan's initial description of her assailant when coupled with the circumstances that the defendant lived in the same housing project building as the complainant for two years prior to the rape and up to the time of trial, and apparently used the same two elevators as complainant during this entire period and yet was not identified by her until four months after the rape, convinced the Court that there was a reasonable doubt as to his guilt."

The above explanation makes it clear that Judge Biunno, the fact-finder in the instant case, believed that he acted prematurely when he found the appellant guilty. While the Majority technically is correct when it notes that our task in reviewing a trial court's grant of a motion in arrest of judgment is to determine whether the Commonwealth offered sufficient evidence, see e. g., *Commonwealth v. Meadows*, 232 Pa.Super. 292, 331 A.2d 827 (1974), I believe that the application of that standard in light of Judge Biunno's subsequent determination of reasonable doubt would be a gross miscarriage of justice. While Judge Biunno indicated his doubts somewhat belatedly, it is nonetheless a clear manifestation of reason-

able doubt. Legal technicalities must not prevent our system of justice from acquitting a criminal defendant who is not thought guilty beyond a reasonable doubt. Thus, I would affirm Judge Biunno's grant of appellant's motion in arrest of judgment.