528 A.2d 230

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Robert Scott EICHELBERGER, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 20, 1987.

Filed June 23, 1987.

R. Scott Cramer, District Attorney, Duncannon, for Com., appellant.

John B. Mancke, Harrisburg, for appellee.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

WIEAND, Judge:

On September 3, 1983, at or about 6:42 p.m., Robert Scott Eichelberger was operating a motor vehicle southwardly on Route 34, a two lane highway in Perry County. Suddenly and without prior warning, his vehicle crossed the center line into the northbound lane where it struck two vehicles travelling in the opposite direction. The driver of the second northbound vehicle was killed. Eichelberger was charged with involuntary manslaughter,[1] driving while under the influence of alcohol,[2] homicide by vehicle,[3] homicide by vehicle while under the influence of alcohol,[4] and two summary offenses.[5] Following a non-jury trial, Eichelberger was found guilty only of homicide by vehicle and the summary offenses. Subsequently, in response to a defense motion for post-trial relief, the trial court arrested judgment on the conviction for homicide by vehicle. From this order arresting judgment, the Commonwealth appealed.

The standard for our review was stated in *Commonwealth v. Robinson,* 351 Pa.Super. 309, 505 A.2d 997 (1986), as follows:

"In reviewing an appeal from a trial court's granting of motion in arrest of judgment, we must determine whether the evidence offered by the Commonwealth was legally sufficient to support the verdict. *Commonwealth v. Froelich,* 458 Pa. 104, 326 A.2d 364 (1974). To reach this determination, we accept all of the evidence and all reasonable inferences therefrom, upon which the fact-finder could have based the verdict; we can affirm the granting

1. 18 Pa.C.S. § 2504.
2. 75 Pa.C.S. § 3731.
3. 75 Pa.C.S. § 3732.
4. 75 Pa.C.S. § 3735.
5. The summary offenses were (1) driving an unregistered vehicle, in violation of 75 Pa.C.S. § 1301, and (2) meeting a vehicle proceeding in the opposite direction, in violation of 75 Pa.C.S. § 3302.

of a motion in arrest of judgment if, viewed in that manner, the evidence was nonetheless insufficient in law to find guilt beyond a reasonable doubt as to the crimes charged. *Commonwealth v. Blevins,* 453 Pa. 481, 309 A.2d 421 (1973). We must view the evidence in the light most favorable to the Commonwealth.
*Commonwealth v. Hazlett,* 429 Pa. 476, 240 A.2d 555 (1968). Our task is the same whether the finder of fact was a jury or a judge sitting without a jury. *Commonwealth v. Meadows,* 232 Pa.Super. 292, 331 A.2d 827 (1974) [, *aff'd* 471 Pa. 201, 369 A.2d 1266 (1977) ]."

*Id.,* 351 Pa.Superior Ct. at 311–312, 505 A.2d at 998, quoting *Commonwealth v. Nelson,* 245 Pa.Super. 33, 36, 369 A.2d 279, 280 (1976), *aff'd,* 476 Pa. 269, 382 A.2d 715 (1977).

The offense of homicide by vehicle is defined as follows:

Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic except section 3731 (relating to driving under influence of alcohol or controlled substance) is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death.

75 Pa.C.S. § 3732. In *Commonwealth v. Heck,* 341 Pa.Super. 183, 491 A.2d 212 (1985), *allocatur granted,* 509 Pa. 535, 505 A.2d 251 (1986), a panel of this Court held that the statute could pass constitutional muster only if it were interpreted so as to require for conviction a degree of misconduct which rose to the level of criminal negligence.[6]

When the evidence in the instant case is considered in the light most favorable to the Commonwealth, which won the verdict, it is readily apparent that it was sufficient to support the trial court's finding that Eichelberger had violated the statutory provisions requiring that he operate his vehicle on the right side of the roadway. See: 75 Pa.C.S. §§ 3301, 3302. The law is uniformly clear, moreover, that

6. But see: *Commonwealth v. Field,* 490 Pa. 519, 417 A.2d 160 (1980); *Commonwealth v. Houtz,* 496 Pa. 345, 437 A.2d 385 (1981).

driving a vehicle on the wrong side of the roadway is sufficient to permit an inference of criminal negligence. See: *Commonwealth v. Wilkinson,* 278 Pa.Super. 490, 420 A.2d 647 (1980) (prima facie violation of homicide by vehicle statute established by evidence that car was being driven on wrong side of road); *Commonwealth v. Farrell,* 208 Pa.Super. 200, 222 A.2d 437 (1966) (evidence that defendant drove truck on wrong side of road through intersection sufficient to prove element of recklessness necessary to sustain finding of involuntary manslaughter); *Commonwealth v. Smoker,* 204 Pa.Super. 265, 203 A.2d 358 (1964) (operation of vehicle in wrong lane, without visible reason or compulsion to do so, creates inference of recklessness sufficient to sustain conviction for involuntary manslaughter). Cf. *Commonwealth v. Setsodi,* 303 Pa.Super. 482, 450 A.2d 29 (1982) (defendant's failure to look for approaching vehicles in opposing lane of traffic prior to making left turn into private driveway may have constituted recklessness or criminal negligence for purposes of establishing prima facie case of involuntary manslaughter).

Eichelberger testified that his vehicle crossed the center line and entered the lane of travel for oncoming vehicles because he had temporarily taken his eyes from the road ahead in order to look in the rear view mirror after hearing a noise behind him. The credibility and weight of this explanation were for the trier of the facts, in this case the trial judge, who could believe some, all, or none of it. So also, it was for the fact finder to determine whether Eichelberger's explanation, if believed, was sufficient to rebut the inference of criminal negligence arising from evidence that he had violated the rules of the road by allowing his vehicle to cross the center line of the roadway where it collided with oncoming vehicles. In weighing Eichelberger's conduct to determine whether he was guilty of criminal negligence, the trier of the facts could also consider Eichelberger's lack of sleep and his consumption of alcohol prior to

the accident.[7] When all of this evidence is considered, our conclusion must be that it was sufficient to support the verdict finding Eichelberger guilty of homicide by vehicle.

Because the trial court arrested judgment on the verdict finding Eichelberger guilty of homicide by vehicle, it did not consider the motion for new trial in which Eichelberger contended, for reasons therein stated, that the verdict was contrary to the weight of the evidence. Therefore, we will remand to permit the trial court to consider his motion for new trial.

The order arresting judgment is reversed, and the case is remanded for determination of appellee's motion for new trial. Jurisdiction is not retained.

OLSZEWSKI, J., files a concurring opinion.

OLSZEWSKI, Judge, concurring:

Though agreeing with the majority's disposition of this case, I write separately to additionally note that the trial court acted outside the scope of its authority in granting appellee's motion to arrest judgment of sentence on the vehicular homicide conviction. In *Commonwealth v. Gaither*, 355 Pa.Super. 502, 513 A.2d 1034 (1986), this Court stated:

It is clear that a trial judge has no more authority over a verdict in a non-jury trial than he does over a jury verdict. Following the recording of a verdict in a non-jury trial, the trial judge is limited to a consideration of post-verdict motions in arrest of judgment or the granting of a new trial. *In a motion for an arrest of judgment, the trial judge cannot alter the verdict based upon a redetermination of credibility or a re-evaluation of the evidence.*

*Id.*, 355 Pa.Superior Ct. at 504, 513 A.2d at 1035 (citations omitted) (emphasis added).

7. Eichelberger testified that he had slept intermittently and not well for four and one-half hours on the previous night. An intoxilyzer test administered to Eichelberger following the accident revealed a blood alcohol content of .09 percent.

In the instant case, the trial judge originally found appellee guilty of vehicular homicide in a non-jury trial, but the trial judge subsequently entered an order arresting the judgment of sentence on the vehicular homicide conviction. The trial judge acted improperly since his opinion in support of the order arresting judgment did not provide reasons as to why the facts established at trial were insufficient to support the vehicular homicide conviction. Rather, the trial judge merely re-evaluated the evidence adduced at trial, stating "Defendant's (appellee's) temporary inadvertence to the roadway ( ... I was aware of a noise behind be and I looked into my rear view mirror—See Transcript of Trial p. 129) cannot be construed as a conscious disregard of a known risk. The ommission (sic) on Defendant's part to keep his eye on the highway does not warrant a finding of reckless or grossly negligent conduct." Trial court opinion at p. 3. The trial judge, therefore, erred in granting appellee's motion in arrest of judgment based on his re-evaluation of the evidence, rather than ascertaining that the evidence adduced at trial was insufficient to support the vehicular homicide conviction.