**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Michael SULLIVAN, Appellant**

Superior Court of Pennsylvania.

Submitted Oct. 25, 2004.
Filed Dec. 22, 2004.

James A. Lammendola, Philadelphia, for appellant.

Hugh J. Burns, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before: JOYCE, STEVENS, and ORIE MELVIN, JJ.

OPINION BY STEVENS, J.:

¶ 1 Appellant Michael Sullivan appeals from the October 14, 2003 judgment of sentence entered by the Court of Common Pleas of Philadelphia County following Appellant's convictions for driving under the influence ("DUI"),[1] aggravated assault by vehicle while DUI,[2] five counts of recklessly endangering another person,[3] and four counts of simple assault.[4] Appellant argues: (1) the evidence was insufficient to sustain the verdicts; and (2) the convictions were against the weight of the evidence.[5] We affirm.

¶ 2 The relevant facts of the case are as follows: On July 14, 2002, at approximately 3:00 a.m., Appellant drove southbound on a northbound off-ramp. After driving in the wrong direction for about a quarter mile, Appellant crashed into another car traveling northbound on the off-ramp. Officers arrived at the scene and observed that Appellant had bloodshot eyes, slurred his speech, swayed in his stance, and smelled of alcohol in his breath. The officers performed a field sobriety test and observed that Appellant swayed and staggered when he walked. The officers then administered breathalyzer tests, and Appellant registered at .130% at 5:25 a.m. and .127% at 5:26 a.m.

---

1. 75 Pa.C.S.A. § 3731. Section 3731 was repealed in September of 2003. However, at the time of Appellant's convictions and sentence, Section 3731 was still in effect.

2. 75 Pa.C.S.A. § 3735.1.

3. 18 Pa.C.S.A. § 2705.

4. 18 Pa.C.S.A. § 2701(a)(1).

5. Appellant submits one "Statement of Question" in which he argues both sufficiency and weight of the evidence claims. Because they are separate issues, we examine them separately.

¶ 3 There were four passengers in the other car in addition to the driver, who testified at trial that he suffered a dislocated shoulder and a cracked collarbone. Three of the passengers required transportation to a hospital, with one of them requiring extensive surgery and a lengthy stay at the hospital.

¶ 4 On August 7, 2003, Appellant appeared before the court for a bench trial. The Commonwealth presented testimony of the officers and of the victims. After the Commonwealth rested, Appellant presented the testimony of two character witnesses and the testimony of a long-time friend, who testified that he drove Appellant around until 2:30 a.m. and that he did not notice that Appellant was swaying, staggering, or slurring his speech. Appellant's friend also testified that Appellant suffered from constant hayfever, which causes his eyes to become bloodshot.

¶ 5 Next, Appellant testified that he drank one beer at 8:00 p.m., and that he drank six beers and two or three shots of liquor between 1:15 a.m. and 2:35 a.m. Appellant's friend drove him home, and shortly before 3:00 a.m. Appellant decided to drive himself to a diner. Appellant contended that he felt he was in a sufficient state to drive. However, Appellant stated that he was not familiar with the route he took, and when he turned the wrong way onto the off-ramp, he made a mistake in judgment.

¶ 6 Finally, Appellant presented the testimony of Dr. Richard Saferstein. Dr. Saferstein testified that, based on Appellant's weight, alcohol consumption, absorption time, and a burn-off rate of 0.15% per hour, a curve graph working backwards from Appellant's 5:26 a.m. breathalyzer readings revealed that Appellant's blood alcohol level at the time of the accident would have been 0.09%. Dr. Saferstein also testified that, at a 0.09% level, Appellant could not be found with reasonable scientific certainty to be incapable of driving a vehicle.

¶ 7 The Commonwealth's rebuttal witness, Dr. Robert Foery, disagreed with Dr. Saferstein and stated that the normally quoted burn-off rate was 0.015% to 0.022%, and that Appellant's blood alcohol level at 3:00 a.m. would have been 0.097% at the 0.015% burn-off rate and 0.103% at the 0.022% burn-off rate based on the 5:26 a.m. breathalyzer readings. Dr. Foery also disagreed with Dr. Saferstein's contention about Appellant's level of impairment at a 0.09% level and stated his opinion that the medical and scientific community believed that individuals are sufficiently impaired at a level of 0.08% or higher.

¶ 8 Appellant was found guilty of driving under the influence ("DUI"), aggravated assault by vehicle while DUI, five counts of recklessly endangering another person, and four counts of simple assault.[6] Appellant was sentenced to 11.5 to 23 months in prison, followed by 7 years of probation, for the Aggravated Assault by Vehicle While DUI charge. Appellant also was sentenced to concurrent terms of one year of probation for the counts of Simple Assault and Recklessly Endangering Another Person. This appeal followed.[7]

■ ¶ 9 We first address Appellant's weight of the evidence claims and find them waived. Although Appellant does not meaningfully distinguish between his weight of the evidence and sufficiency of

---

6. Appellant was found not guilty of five counts of Aggravated Assault, four counts of Aggravated Assault by Vehicle While DUI, one count of simple assault, and criminal mischief.

7. All Pa.R.A.P.1925 requirements are satisfied.

the evidence claims, we normally would separate the issues as much as possible and make our determinations based on the citations and information provided by the Commonwealth and Appellant. Appellant, however, has not provided any standard of review for his weight of the evidence claims. Nor does Appellant provide any relevant authority for us to decide his weight of the evidence claims. Although Appellant cites to a few cases in support of his broad claims, none of Appellant's cited authority addresses any weight of the evidence issues. Rather, the cited authority addresses *sufficiency* of the evidence claims. Furthermore, Appellant fails to cite to any of the relevant statutes for our consideration. As a result, we find all of Appellant's weight of the evidence claims waived. *See* Pa.R.A.P. 2119. *See also Commonwealth v. Mercado*, 437 Pa.Super. 228, 649 A.2d 946, 954 (1994) (stating that failure to provide support for an issue may result in waiver of the claim).

¶ 10 We turn now to Appellant's sufficiency of the evidence claims.[8] When determining sufficiency of the evidence claims, we must determine whether the evidence and all reasonable inferences therefrom, viewed in the light most favorable to the verdict winner, was sufficient to enable the factfinder to find every element of the crime charged beyond a reasonable doubt. *Commonwealth v. Kling*, 731 A.2d 145 (Pa.Super.1999). The Commonwealth may meet its burden of proving every element beyond a reasonable doubt through wholly circumstantial evidence, and the factfinder is free to believe all, part, or none of the evidence presented. *Commonwealth v. Long*, 831 A.2d 737 (Pa.Super.2003).

¶ 11 Appellant argues that the evidence was insufficient to convict him of DUI. Appellant asserts that the evidence was insufficient to establish that his blood alcohol level was 0.10% or higher, or that Appellant was sufficiently incapable of safe driving. We disagree. Although Section 3731 of the Pennsylvania Vehicle Code has since been repealed, at the time of Appellant's trial Section 3731(a) stated in pertinent part:

A person shall not drive, operate, or be in actual physical control of the movement of the vehicle in any of the following circumstances:

(1) While under the influence of alcohol to a degree which renders the person incapable of driving. . . .

(4) While the amount of alcohol by weight in the blood of:

(i) an adult is 0.10% or greater.

75 Pa.C.S.A. § 3731 (2002). The evidence regarding how many drinks Appellant consumed and the observations of the officers regarding Appellant's appearance and behavior were sufficient for the factfinder to convict him of violating Section 3731(a)(1). *See Commonwealth v. Feathers*, 442 Pa.Super. 490, 660 A.2d 90 (1995) (finding sufficient evidence to convict the appellee of DUI when the appellee was found to have driven through a construction zone, emitted an odor of alcohol, exhibited glassy eyes, slurred her speech, staggered as she walked, failed a field sobriety test, and admitted to having consumed recently a couple of beers). Furthermore, Appellant's breathalyzer results and Dr. Foery's testimony were sufficient to convict him of violating Section 3731(a)(4). Appellant invites us to accept only the testimony of his

---

8. We note that Appellant also fails to cite to any standard of review or relevant statutes for us to consider in his sufficiency of the evidence claims. As noted above, these omissions may result in waiver of the claims. *See* Pa.R.A.P. § 2119(b). Appellant, however, cites to four cases to establish his claims generally. Therefore, we will not find his sufficiency of the evidence claims waived.

expert witness and not the Commonwealth's. However, Appellant's credibility argument is not appropriate for a sufficiency of the evidence claim, and we find that sufficient evidence existed to convict Appellant of DUI.

█ ¶ 12 Next, Appellant argues that the evidence was insufficient to establish the elements for Recklessly Endangering Another Person ("REAP"). REAP occurs when a person "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. Appellant contends that mere evidence of voluntary intoxication is not sufficient to convict for REAP. *See Commonwealth v. Mastromatteo,* 719 A.2d 1081 (Pa.Super.1998). In *Mastromatteo,* this Court stated: "[D]riving under the influence of intoxicating substances does not create legal recklessness per se but must be accompanied with other tangible indicia of unsafe driving to a degree that creates a substantial risk of injury which is consciously disregarded." *Mastromatteo,* 719 A.2d at 1083. In the within case, Appellant drove an unfamiliar route while intoxicated and proceeded to drive a quarter mile in the wrong direction on an off-ramp. Such actions constitute tangible indicia of unsafe driving and sufficiently establish the mens rea necessary for a REAP conviction. Therefore, we find that the evidence was sufficient to convict Appellant of REAP.

█ ¶ 13 Appellant also suggests that the evidence was insufficient to convict him of the four counts of simple assault. Appellant relies on the same argument asserted in his REAP sufficiency claim, and further asserts that because the Police Accident Report reported only three injured people, he cannot be convicted of the fourth count. Simple Assault occurs when a person "attempts to cause or intentionally, knowingly, or recklessly causes bodily injury to another." 18 Pa.C.S.A.

§ 2701(a)(1). As we noted in his REAP claim, the trial court found sufficient evidence of Appellant's recklessness. Furthermore, although Appellant asserts that evidence exists of only three injured passengers, the trial court found the testimony of the victim driver credible and that the driver sustained bodily injuries. The court's findings are supported by the record, and the trial court's findings are sufficient to affirm the convictions of simple assault on all four counts.

¶ 14 Finally, Appellant argues that the evidence was insufficient to convict him of Aggravated Assault by Vehicle While DUI. Appellant makes two arguments to establish his claim: (1) Appellant's expert witness established that he was not DUI; and (2) Appellant expressed sufficient remorse to the police and the victims immediately after the accident. We find Appellant's arguments to be without merit.

¶ 15 In regards to Appellant's first argument, we have noted above that such an argument cannot support a sufficiency of the evidence claim. For his second argument, Appellant contends that a comparison with our decision in *Commonwealth v. Ketterer,* 725 A.2d 801 (Pa.Super.1999), indicates that Appellant exhibited the proper level of remorse to find the evidence insufficient. The Commonwealth contends that *Ketterer* actually stands for the proposition that a factfinder can reasonably find a person's intoxication to be the cause of unsafe driving leading to bodily injury. *See Ketterer,* 725 A.2d at 803–04. We agree with the Commonwealth.

█ ¶ 16 A person is guilty of Aggravated Assault by Vehicle While DUI if he "negligently cause[d] serious bodily injury to another person as a result of a violation of section 3731 (relating to driving under the influence of alcohol or controlled substances) and who is convicted of violating section 3731." 75 Pa.C.S.A. § 3735.1(a)

(2002). *Ketterer* provides no support for Appellant's claim that his remorse, combined with his testimony that he made a mistake on the off-ramp, requires us to find the court's findings insufficient for his convictions. In fact, this Court has held that driving in the opposing lane of travel permits an inference of criminal negligence, which inference satisfies the intent element of Aggravated Assault in the within case. *See Commonwealth v. Eichelberger*, 364 Pa.Super. 425, 528 A.2d 230, 231–32 (1987). As a result, we find that the evidence was sufficient in each of Appellant's convictions.

¶ 17 For all of the foregoing reasons, we affirm the judgments of sentence.

¶ 18 Affirmed.