## Commonwealth *v.* Jenkins, Appellant.

578

Argued November 14, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*I. Elmer Ecker*, with him *William J. LeWinter*, for appellant.

*William Claney Smith*, Assistant District Attorney, with him *Edward C. Boyle*, District Attorney, for appellee.

OPINION BY WATKINS, J., January 21, 1958:

This is an appeal from the judgment of sentence of the county court of Allegheny County. The appellant was found guilty of operating a motor vehicle while under the influence of intoxicants, contrary to the provisions of the Act of May 1, 1929, P. L. 905, Art. VI, (f), 75 PS §231 (f) as amended.

The act complained of occurred on the morning of June 5, 1955. On that date the appellant, in the company of two other men, Leon McCready and William Rae, was in an automobile owned by the appellant when the vehicle came into collision with the parked car of Mrs. Anna R. Burdak. The police were called and the appellant was arrested on the above charge.

At the trial appellant waived his right to trial by jury and the cause came to be heard by Judge O'Connor, who found the appellant guilty and sentenced him to pay a fine of $100 and costs. Motions for a new trial and arrest of judgment were argued before the court en banc and refused on February 4, 1957.

The appellant complains of the refusal of the court below to sustain his demurrer at the close of the Commonwealth's case. At this time, he contends, the only facts before the court were, that an accident had occurred; that an officer found three men at the scene of the accident; that the appellant was sent to a medical examiner to determine if he were intoxicated; and that no evidence was presented that he was driving the automobile or that he was intoxicated.

If we accept this statement of the record as true, and if the appellant had rested at this point, then we agree with the appellant that the verdict and sentence must be vacated. But the appellant did not rest, but put his evidence into the record. We must look, therefore, to the entire record in determining this appeal.

At the hearing, no request was made for an official record to be made and none was made. All this Court has before it are brief notes taken by a court stenographer. The appellant made no request that a transcript of the testimony be made. It is true that if there is sufficient evidence presented in this case to sustain the conviction, the fact that there is an incomplete record is no reason to sustain the appellant's position.

But that isn't the appellant's contention. He claims that even with only a sketchy record available, together with the recollection of the court as set forth in its memorandum of opinion, the Commonwealth has not sustained its burden of proof that he was driving the vehicle, which is essential under the section of the motor code upon which the charge is based.

True, it is almost impossible for this Court to make a reasonable judgment as to the relative merits of the case because of the condition of the record. There does appear, however, to be serious doubt as to the proof that appellant operated the automobile.

The testimony connecting the appellant with operating the automobile is the testimony of the arresting officer and the medical examiner. At the time of the arrest the appellant was asked by the arresting officer as to who was in the car. He answered that he was. At that time, he was so intoxicated that the medical examiner said it was impossible to make an examination. The officer also testified that no one had seen him operating the car. Mrs. Burdak, the owner of the parked car did not know who was driving. The medical examiner testified that "he told me he hit a car".

Is this the kind of testimony required to prove beyond a reasonable doubt one of the essential elements of this crime, that the accused was operating the automobile?

The appellant denied driving the car and testified that McCready was the driver. Rae, one of the passengers, testified that the appellant did not drive that night and that McCready was the driver. McCready was confined in an out-of-state hospital with a broken knee cap and did not testify. The appellant denied he had told the medical examiner that he had hit a car but that he had said, "my car hit a car".

We do not believe that the testimony of the medical examiner that his drunken patient "told me he hit a car" is sufficient to sustain the burden of the Commonwealth to prove beyond a reasonable doubt that the appellant was the operator of this vehicle. The statement at best is ambiguous and very close to the statement of the appellant, "my car hit a car".

Where a trial court refuses to grant a new trial, such refusal will not be reversed on appeal, unless the trial court abused its discretion in refusing the motion for a new trial and the demands of justice require reversal: *Com. v. Tkech,* 97 Pa. Superior Ct. 489 (1929).

We are of the opinion that the state of this record, including the recollection of the testimony by the trial judge, should have raised serious doubt in the mind of the court below as to whether the Commonwealth sustained its burden of proof, when the motion for a new trial was under consideration. The refusal of a new trial under these circumstances was an abuse of discretion and the demands of justice require reversal.

Judgment of sentence reversed and new trial granted.