Commonwealth, Appellant, *v.* Brown.

Argued March 23, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*Arlen Specter,* Assistant District Attorney, with him *Domenick Vitullo,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for Commonwealth, appellant.

*Benjamin Pomerantz,* for appellee.

OPINION BY MONTGOMERY, J., June 15, 1960:

Appellee (defendant) was charged with the crimes of malicious mischief, fraudulent conversion, and larceny by bailee, all arising out of an agreement between him and Charles Budman, the private prosecutor, to buy certain real estate in the City of Philadelphia equipped in part as a restaurant. The agreement was not carried out by defendant, although he assumed possession. Later he vacated the premises and without the consent of Mr. Budman removed the restaurant equipment, of the value of $140, as found by the lower court.

Defendant waived trial by jury and the matter was heard by GLEESON, J., without a jury. Judge GLEESON found the defendant not guilty on the charges of malicious mischief and fraudulent conversion but guilty on the third charge, larceny by bailee. However, sentence on the last charge was deferred pending disposition of motions for a new trial and in arrest of judgment.

During the time that the foregoing motions were pending, the defendant and the private prosecutor settled the civil aspects of the case and, when the motions were subsequently argued, the lower court granted the motion to arrest, vacated the previous verdict of guilty, and found the defendant not guilty. Probably as a result of this action by the court, the motion for a new trial was withdrawn.

The Commonwealth has appealed, assigning as error the action of the court below in sustaining the motion to arrest the judgment, vacating the verdict of guilty, and finding the defendant not guilty.

The wording used by the lower court in sustaining the motion in arrest of judgment is not in accordance with that used in the Act of 1951, June 15, P. L. 585, §1 (19 P.S. 871) (pocket supp.), which extends the purpose of motions in arrest of judgments in criminal cases. Therein it is provided that, if the motion is granted, the court "shall forthwith discharge the defendant and dismiss the case." Without discussing the difference in effect of the words of the court and the words of the statute, we shall assume that Judge GLEESON intended to follow the statute and apply to his words the same meaning. By doing so, we would then be required to analyze the testimony to determine whether the granting of the motion was proper, which we shall not do for the reason hereafter given.

It appears that the order was entered to best serve the interests of justice because ". . . this case has strong civil overtones. The defendant had a right to possess the goods initially, but lost this right when he removed them without the consent of the owner. His acts were not of a violent nature, and the prosecutor, whose interests were paramount, has been fully satisfied. The defendant is a man aged 48, who has no previous conviction of a crime in a court of record. . . ."

While the hearing judge had no right, after a finding of guilty, to change his mind over a month later and enter a finding of not guilty,[1] in view of this ex-

---

[1] In a criminal case tried without a jury, as authorized by the Act of 1935, June 11, P. L. 319, as amended (19 P.S. §786 et seq.) (pocket supp.), the verdict rendered by the trial judge is a general verdict ". . . as if the defendant had put himself upon the inquest or country for trial, and his cause were being tried before a

pressed purpose, we shall do what he should have done under those circumstances and grant a new trial. Courts have wide discretion in granting new trials even though there be no such motions before them, and this is particularly so for the better attainment of justice. *Commonwealth v. Jones*, 303 Pa. 551, 154 A. 480.

Order reversed and new trial granted.

---

jury . . . ." Therefore, after recording such a verdict, the authority of the trial judge over it would be the same as in the case of a verdict by a jury, viz., to the action permitted by the Act of 1951, June 15, P. L. 585 (19 P.S. 871) (pocket supp.) relating to motions in arrest of judgment, or the granting of a new trial. See *Commonwealth v. Coyle*, 190 Pa. Superior Ct. 509.