## Commonwealth, Appellant, *v.* Christian.

Argued June 11, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*James D. Crawford,* Assistant District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Alfred P. Filippone,* for appellee.

OPINION BY WRIGHT, P. J., September 11, 1969:

We are here concerned with an appeal by the Commonwealth from an order of the Court of Common Pleas of Philadelphia County, Trial Division, Criminal Section, by virtue of which order a prior guilty verdict was withdrawn and a finding of not guilty entered. Ordinarily, where a defendant has been found not guilty, the Commonwealth has no right of appeal: *Commonwealth v. Lodge No. 148 Loyal Order of Moose et al.,* 188 Pa. Superior Ct. 531, 149 A. 2d 565; *Commonwealth v. Haines,* 410 Pa. 601, 190 A. 2d 118. However, the irregular procedure revealed by this record makes appellate review mandatory.

On September 18, 1967, at Columbia Avenue and Eighteenth Street in the City of Philadelphia, one Tyrone Bryant was wounded by a revolver shot. The appellee, Samuel Christian, was arrested as he fled from the scene of the shooting. In Christian's possession the arresting officer found a revolver with five cartridges, four empty and one loaded. The grand jury at November Term 1967 returned four bills of indictment against Christian as follows: Bill No. 1271 charged simple assault and battery, aggravated assault and battery and assault and battery with intent to murder. Bill No. 1272 charged carrying a concealed deadly weapon and unlawfully carrying a firearm without a license. Bill No. 1273 charged playfully and wantonly pointing a firearm. Bill No. 1274 charged attempt with intent to murder. When these

indictments were called for trial, May 17, 1968, jury trial was waived and the testimony was heard by a judge sitting without a jury. At the conclusion of the trial the judge made the following statement: "There is not enough evidence to sustain a conviction on bill number 1274; there is not enough evidence to sustain a conviction on bill number 1271; and there is not enough evidence to sustain a conviction on bill number 1273, and accordingly he is found not guilty on those three bills. He is found guilty on the 2nd count of bill number 1272, unlawfully carrying a firearm without a license. He is held for presentence investigation . . . This might have been first degree murder".

On November 19, 1968, Christian's trial attorney filed a belated "Petition for Motion for New Trial and in Arrest of Judgment Nunc Pro Tunc". No reasons were therein asserted for the granting of a new trial or for the arrest of judgment. The petition was addressed solely to the proposition that a hearing should be granted "to determine whether or not he intelligently waived his right to appeal and, if not, for the filing of post-trial motions and the proper perfection of petitioner's appeal". Attached to the petition was an order in the form of a rule on the district attorney "to show cause why a hearing should not be granted for the filing of post trial motions nunc pro tunc". This order was not dated, and no return day for the rule was fixed. It was nevertheless signed by the trial judge, and lodged in the office of the court administrator, December 4, 1968, who scheduled a hearing for December 20, 1968. The record does not show that the district attorney had notice of the presentation of the petition or of the making of the order. Nor is there anything to indicate that a rule was ever issued or served on the district attorney. The tran-

script of the hearing is set forth in full in the footnote.[1]

Following the lodging of the instant appeal, the court below filed an opinion in compliance with our Rule 46. The trial judge therein explains his action as follows: "We entered a directed verdict of not guilty as to all bills except the charge of carrying a deadly weapon without a license. As to that charge we had a reasonable doubt, but before a verdict was pronounced, the file was handed up with the defendant's criminal record on top. We deemed it expedient to keep him under restraint and adjudged him guilty

---

[1] "MR. FILIPPONE: This is a motion for arrest of judgment and new trial, nunc pro tunc. THE COURT: I have studied this file. There was a shooting, and after considering the matter there was a presentence investigation ordered. I have read the report. MR. FILIPPONE: The trial was had on May 17, 1968. At that time the victim of the shooting testified this defendant wasn't the man who shot him, not that he did not know. There were two other witnesses to the shooting who could not identify him. The defendant said he had a pistol, and came out of the taproom when he heard a shooting. He said he saw a man with a pistol bending over another man. He yelled and the man dropped the pistol and ran. He picked up the pistol and the officer found him there. I think if John Lynch were here I would call him to have him testify. During the trial your Honor leaned down and indicated you had a reasonable doubt about it, but he handed up the file and it had his criminal record on it, and when your Honor saw that you found him guilty on bill Number 1272. THE COURT: I was concerned about the background and thought the best thing would be to place him on probation. However, after reading the notes, I realize there is no evidence to hold him for the shooting. That is what did it. He has 15 years back time. MR. FILIPPONE: Yes, sir. THE COURT: He was found guilty on the 2nd count on bill number 1272, November Sessions 1967. I will withdraw that verdict if I can do that. MR. FILIPPONE: It is within your Honor's purview. THE COURT: I will adjudge him not guilty. MR. KNAUER: I will move for the granting of the motion for arrest of judgment which is the proper motion at this time. THE COURT: The motion is denied".

and ordered a presentence investigation. On December 4, 1968, counsel for the defendant filed nunc pro tunc motions for a new trial and for arrest of judgment. When the motion was listed, we learned that the conviction would result in revocation of a parole which would require the serving of seven years back time. This placed the action taken at time of trial in a new light . . . We do not believe that, on the record, a motion in arrest of judgment is tenable. We, therefore, granted a new trial and on the basis of the record found the defendant not guilty . . . We do not believe that considerations of legal niceties should stand in the way of a just and humane administration of the criminal law".

It is the position of the Commonwealth that, where a judge, sitting without a jury, has found a defendant guilty at the end of the trial, he may not seven months later change the verdict to one of not guilty. Principal reliance is placed upon *Commonwealth v. Brown,* 192 Pa. Superior Ct. 498, 162 A. 2d 13. In that case the trial judge, sitting without a jury, found the defendant guilty of larceny by bailee. Motions for new trial and in arrest of judgment were filed. When these motions came on for hearing, the trial judge granted the motion in arrest of judgment. However, he did not discharge the defendant and dismiss the case, but entered a finding of not guilty. On appeal by the Commonwealth, Judge MONTGOMERY stated in his opinion for this court that "the hearing judge had no right, after a finding of guilty, to change his mind over a month later and enter a finding of not guilty". Consequently, the order of the court below was reversed and a new trial was granted.

It is our view that the finding of not guilty attempted to be made at the hearing of December 20, 1968, is a complete nullity. Assuming arguendo that

permission was granted to file post trial motions nunc pro tunc, no motion for a new trial was filed or argued. Although the trial court would have discretion to grant a new trial even in the absence of such a motion, the record does not support the statement in the opinion below that a new trial was actually granted. Certainly a new trial never took place. The only action of the trial judge was to withdraw his previous verdict of guilty and adjudge the defendant not guilty. Nowhere in the record is there a waiver of jury trial for the supposed new trial. No testimony was taken, nor is there a stipulation to proceed on the original trial notes. No opportunity was afforded the Commonwealth to call witnesses. Indeed, the Commonwealth was not informed that a new trial was taking place. We cannot countenance a circumvention of established rules of procedure through the fiction of attributing the changed verdict in the instant case to a nonexistent new trial.

In conclusion, we are not without sympathy for the desire of the distinguished hearing judge below to accomplish substantial justice, and to administer the criminal law in a humane manner. However, the serious procedural errors disclosed by the present record may not be glossed over as "legal niceties". In fairness to the Commonwealth, as well as to the defendant, a new trial is required.

Order reversed and a new trial granted.