# UNITED STATES *v.* ROSE

No. 75–1535.   Decided October 12, 1976

PER CURIAM.

The operative facts herein are substantially identical to those in *United States* v. *Morrison, ante,* p. 1.   Respondent's car was stopped by Border Patrol agents; a search disclosed marihuana.   Respondent lost a motion to suppress and was found guilty after a bench trial.   Following this trial, but before sentencing, the District Court, relying upon our decision in *Almeida-Sanchez* v. *United States,* 413 U. S. 266 (1973), granted respondent's motion to suppress.   The Court of Appeals for the Tenth Circuit, as it did in *Morrison,* found the Government's appeal barred by double jeopardy.

In *United States* v. *Wilson,* 420 U. S. 332 (1975), we held that double jeopardy would not bar a Government appeal if success on that appeal would result in the reinstatement of a verdict of guilty.   The fact that the order of suppression here occurred after a general finding of guilt rendered by the court in a bench trial, rather than after a return of a verdict of guilty by a jury, is immaterial.   *Morrison, ante,* p. 1.   Double jeopardy, therefore, does not bar an appeal by the Government.

We grant the motion to proceed *in forma pauperis* and the petition for certiorari, vacate the judgment of the Court of Appeals, and remand to that court for proceedings consistent herewith.

*It is so ordered.*