## UNITED STATES *v.* KOPP

No. 75–1536.   Decided December 6, 1976

PER CURIAM.

The operative facts herein are substantially identical to those in *United States* v. *Morrison, ante,* p. 1, and *United States* v. *Rose, ante,* p. 5.   Respondent's car was stopped by Border Patrol agents; a search disclosed marihuana.   Respondent lost a motion to suppress and was found guilty after a bench trial.   Following this trial, but before sentencing, the District Court, relying upon our decision in *Almeida-Sanchez* v. *United States,* 413 U. S. 266 (1973), dismissed the indictment.   The Court of Appeals for the Tenth Circuit, as it did in *Morrison* and *Rose,* found the Government's appeal barred by double jeopardy.

In *United States* v. *Wilson,* 420 U. S. 332 (1975), we held that double jeopardy would not bar a Government appeal if success on that appeal would result in the reinstatement of a verdict of guilty.   The fact that the dismissal of the indictment here occurred after a general finding of guilt rendered· by the court in a bench trial, rather than after a return of a verdict of guilty by a jury, is immaterial.   *Morrison, supra.*   Double jeopardy therefore does not bar an appeal by the Government.

We grant the petition for certiorari, vacate the judgment of the Court of Appeals, and remand to that court for proceedings consistent herewith.