451 A.2d 767

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Gerald PARKER a/k/a Edward Alston.**

Superior Court of Pennsylvania.

Argued June 23, 1982.

Filed Oct. 15, 1982.

Gaele M. Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Andrew G. Gay, Philadelphia, for appellee.

Before WICKERSHAM, McEWEN and LIPEZ, JJ.

McEWEN, Judge:

We here consider an appeal by the Commonwealth from a *sua sponte* post-verdict order of the Common Pleas Court which purported to "change" verdicts of guilty entered by the court, following a non-jury trial, to verdicts of not guilty. The post-verdict order amending the verdicts was entered some two weeks after the original verdicts had been entered and recorded. We are compelled to vacate the order amending the verdicts and reinstate the original guilty verdicts.

Appellee was found guilty of robbery and possession of an instrument of crime after a non-jury trial. The Commonwealth, at the pre-trial suppression hearing held on the motion to suppress the identification, had established the victim to be unavailable, pursuant to 42 Pa.C.S.A. § 5917, and read his preliminary hearing testimony into the record of the suppression hearing. The court immediately denied

the motion to suppress the former testimony of the victim and, then, proceeded with the non-jury trial of appellant. The preliminary hearing testimony of the victim was determined to be admissible and was incorporated into the notes of trial testimony. That testimony established that appellee had come upon the victim from behind on a Philadelphia street and placed either a gun or some other instrument which "clicked" at the back of the victim's head and demanded money. The robber relieved him of approximately $190.00 in five and ten dollar denominations and then told the victim to remove his shoes which were subsequently thrown down onto nearby railroad tracks. When the robber then fled, the victim called the police to report the robbery and described the assailant as a negro male, approximately thirty years old, five feet eight inches tall and wearing a brown coat, brown pants, a goatee and a mustache. The police officers, in a short while, returned to the scene with appellee who was identified by the victim as the man who robbed him. Although a sum of $51.65 was found on his person, appellee was not found to be in possession of any weapon. The arresting officer testified that the victim identified appellant as the man who robbed him.

Appellee testified at trial that he was wearing a maroon suede jacket and blue pants on the night of the robbery and stated that he did not have a beard although he had not shaved in two days. He denied committing any robbery. He further testified:

Q. Did the victim say you were the man who robbed him?

A. Not at the scene of the crime. He said—when we got, when they took me to the 25th Detective Bureau, and then he came there, and then he said, they asked him, he was standing beside me and they said, "Is this the guy that robbed you?" He looked at me real good. At first he said, "I don't know." And the Detective kept on pressuring and pressuring and he said, "I think so. Look, I just want my money, that is all." (N.T. p. 64).

Immediately following the close of the testimony of appellant, the court found appellant guilty of robbery and possession of an instrument of crime and entered an order so stating on August 6, 1981. Although the court informed appellee of his post-verdict rights in accordance with Pa.R. Crim.P. 1123, no post-verdict motions were ever filed. Thereafter, on August 20, 1981 four days past the deadline for filing post-verdict motions, the court entered the following order:

AND NOW, this 20th day of August, 1981, *upon reconsideration of the facts* in the above captioned matter, it is hereby Ordered and Decreed, pursuant to 42 Pa.C.S.A. § 5505, that the verdict of guilty entered on August 6, 1981, shall be changed to a verdict of Not Guilty and the said Not Guilty verdict entered. (emphasis supplied).

Preliminarily, the Commonwealth contends that it may properly appeal from the challenged post-verdict order which changed the verdicts of guilty to not guilty since an appellate reversal of that order would result only in the reinstatement of the original verdicts and would not intrude upon the double jeopardy rights of appellee.

■ It is clear that the Commonwealth may properly appeal the order in question since it (1) raises a clear question of law—the propriety and efficacy of the August 20 order which purported to change the original guilty verdicts entered by the trial court following the non-jury trial of appellee to verdicts of not guilty—and (2) effectively discharges the appellee and terminates the prosecution. *See Borough of West Chester v. Lal,* 493 Pa. 387, 391 n. 4, 426 A.2d 603, 604 n. 4 (1981); *Commonwealth v. Melton,* 402 Pa. 628, 168 A.2d 328 (1961); *Commonwealth v. Davis,* 247 Pa.Super. 450, 372 A.2d 912 (1977).

■ The entry by a trial court of a verdict of acquittal in a criminal proceeding *usually* cannot be reviewed without placing the defendant twice in jeopardy in violation of the double jeopardy clause. *Sanabria v. United States,* 437 U.S. 54, 64, 98 S.Ct. 2170, 2178, 57 L.Ed.2d 43, 53 (1978); *Borough*

*of West Chester v. Lal, supra; Commonwealth v. Wimberly,* 488 Pa. 169, 411 A.2d 1193 (1980); *Commonwealth v. Lodge No. 148, Loyal Order of Moose,* 188 Pa.Super. 531, 149 A.2d 565 (1959). The unique procedural aspects of this case, however, demonstrate that principle is not here applicable. The challenged order is not truly a verdict of acquittal, but an order purporting to change already recorded and docketed verdicts of guilty, entered by a previous order, to verdicts of not guilty. Since we limit our review only to the procedural propriety of the subsequent order it is clear that appellee will not be twice placed in jeopardy by our review. Vacation of the challenged order necessarily has the effect of reinstating the original verdicts of guilty.[1] *See, e.g., United States v. Kopp,* 429 U.S. 121, 97 S.Ct. 400, 50 L.Ed.2d 336 (1976) (government could properly appeal from an order dismissing an indictment which was entered after the defendant was found guilty in a non-jury trial but prior to sentencing). *Accord, United States v. Morrison,* 429 U.S. 1, 97 S.Ct. 24, 50 L.Ed.2d 1 (1976). In *Morrison, supra,* the Supreme Court found that since success on such an appeal would result in reinstatement of a general finding of guilty rather than in further factual proceedings relating to guilt or innocence, the appeal was not barred by double jeopardy. *Accord, United States v. Rose,* 429 U.S. 5, 97 S.Ct. 26, 50 L.Ed.2d 5 (1976); *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *See also United States v. Dixon,* 658 F.2d 181, 187–88, N. 12 at 188 (3rd Cir.1981); *United States v. Hecht,* 638 F.2d 651 (3rd Cir.1981). Therefore, we find that the appeal of the Commonwealth is properly before the court.

■ The Commonwealth contends that the trial judge erred in reconsidering the facts and changing the verdict. The Commonwealth argues that a trial judge may not use "reconsideration" pursuant to 42 Pa.C.S.A. § 5505 to subvert

---

1. It is clear that our vacation of the challenged order and reinstatement of the original verdicts of guilty shall not preclude the Common Pleas Court on remand from ordering appropriate post-verdict relief.

the principle that a guilty verdict cannot be changed post-verdict on the basis of a factual redetermination. We agree.

Although we have found no Pennsylvania decision which discusses a *sua sponte* reconsideration and change of verdicts by the trial court, we believe the case is analogous to *Commonwealth v. Brown,* 192 Pa.Super. 498, 162 A.2d 13 (1960) and *Commonwealth v. Christian,* 215 Pa.Super. 8, 257 A.2d 83 (1969). In *Brown, supra,* the trial court found the defendant guilty of larceny by bailee following a non-jury trial. In response to a motion in arrest of judgment, the trial court entered a finding of not guilty from which the Commonwealth appealed. There we held that "the hearing judge had no right, after a finding of guilty, to change his mind over a month later and enter a finding of not guilty . . ." *Id.,* 192 Pa.Super. at 501, 162 A.2d at 14. We stated that the verdict rendered by the trial judge after a non-jury trial is a general verdict and, after recording such a verdict, the authority of the trial judge over it would be the same as in the case of verdict by a jury, that is, "relating to motions in arrest of judgment, or the granting of a new trial." *Id.,* 192 Pa.Super. at 501, 502 n. 1, 162 A.2d at 14 n. 1. We concluded that "in view of [the] expressed purpose [of the trial judge], we shall do what he should have done under those circumstances and grant a new trial." *Id.,* 192 Pa.Super. at 502, 162 A.2d at 14.

*Commonwealth v. Christian, supra,* found the Commonwealth appealing an order of the Common Pleas Court "by virtue of which a prior guilty verdict was withdrawn and a finding of not guilty entered." *Id.* 215 Pa.Super. at 10, 257 A.2d at 84. We there stated that the irregular procedure revealed by the record made appellate review mandatory. In that case, following a non-jury trial, the trial judge found the evidence was sufficient to convict the defendant of unlawfully carrying a firearm without a license and entered a verdict of guilty. Some six months later the defense attorney filed a belated petition for motion for new trial and in arrest of judgment nunc pro tunc. Subsequently, a hearing was held at which only the judge and the defense

attorney were present, and, thereafter, the trial court filed an opinion which indicated that defense counsel had filed motions for new trial, that a new trial had been granted and that, on the basis of the record, the court had found defendant not guilty. On appeal, we observed that there was no evidence in the record of the filing of post-verdict motions or of a second trial. The Commonwealth there argued that where a judge sitting without a jury has found a defendant guilty at the end of a trial, he may not seven months later change his verdict to one of not guilty, and relied principally upon *Commonwealth v. Brown, supra.* We held that the finding of not guilty entered seven months after the original verdict of guilty was "a complete nullity," and reversed the order of the trial court and granted a new trial. *Id.* 215 Pa.Super. at 13, 257 A.2d at 85–86.

While we have found no Pennsylvania case which discusses a *sua sponte* reconsideration of the facts and change of verdicts by the trial court, it is evident that the reconsideration procedure authorized by 42 Pa.C.S.A. § 5505 does not extend to the trial court the authority to change a previously recorded verdict of guilty to one of not guilty. The statute authorizes reconsideration "[e]xcept as otherwise provided or prescribed by law ..." Since the decisional law previously set forth quite clearly provides otherwise, § 5505 does not provide such authority as to enable the Common Pleas Court to change the original verdicts of guilty to not guilty.

A trial judge has no more authority over a verdict in a non-jury trial than he does over a jury verdict. *Commonwealth v. Meadows,* 471 Pa. 201, 205, 369 A.2d 1266, 1268 n. 5 (1977); *Commonwealth v. Brown, supra; See Commonwealth v. Johnson,* 359 Pa. 287, 59 A.2d 128 (1948); Pa.R. Crim.P. 1102(a). As we have stated, the authority of a trial judge following the recording of a verdict in a non-jury trial is limited to consideration of post-verdict motions in arrest of judgment or the granting of a new trial. *Commonwealth v. Meadows, supra; Commonwealth v. Brown, supra.* The standard of review for the trial court as it passes upon a

motion in arrest of judgment, is limited to a determination of the absence or presence of that quantum of evidence necessary to establish the elements of the crime. *Commonwealth v. Meadows, supra* 471 Pa. at 208, 369 A.2d at 1269; *Commonwealth v. Slout,* 288 Pa.Super. 471, 432 A.2d 609 (1981); *Commonwealth v. Ponder,* 260 Pa.Super. 225, 393 A.2d 1235 (1978). Had defendant moved for an arrest of judgment, the trial court would have been required to view the evidence in the light most favorable to the Commonwealth as verdict winner and could not have altered the verdicts based upon a redetermination of credibility or a re-evaluation of the evidence. *See Commonwealth v. Meadows, supra; Commonwealth v. Slout,* 288 Pa.Super. 471, 432 A.2d 609 (1981); *Commonwealth v. D'Angelo,* 282 Pa.Super. 1, 422 A.2d 645 (1980); *Commonwealth v. Kirkman,* 264 Pa.Super. 170, 399 A.2d 720 (1979); *Commonwealth v. Ponder, supra.*[2] Here, however, it is clear that the trial judge engaged in a re-evaluation of the evidence produced at trial. Indeed, the opinion of the court states "the court sua sponte *re-considered the facts herein* and determined inasmuch as it entertained reasonable doubt as to the defendant's guilt, a not guilty verdict was justified." (Opinion at p. 1).

Since the trial court exceeded its post-verdict authority, we must vacate the order of August 20, 1981 which changed the verdicts of guilty entered August 6, 1981 to verdicts of

**2.** Because a motion in arrest of judgment focuses solely upon the legal sufficiency of the evidence to support a conviction, an assertion that a verdict is contrary to the weight of the evidence is not a proper consideration in reviewing such a motion. *Commonwealth v. Meadows, supra.* However, a trial court may grant a criminal defendant a new trial on the basis of such a contention, even where the evidence is legally sufficient to sustain a guilty verdict. *Commonwealth v. Meadows, supra; Commonwealth v. Hayes,* 205 Pa.Super. 338, 209 A.2d 38 (1965); *Commonwealth v. Harbaugh,* 197 Pa.Super. 587, 179 A.2d 656 (1962); *Commonwealth v. Brown,* 192 Pa.Super. 498, 162 A.2d 13 (1960); *Commonwealth v. Coyle,* 190 Pa.Super. 509, 154 A.2d 412 (1959), *allocatur refused; Commonwealth v. Jenkins,* 185 Pa.Super. 577, 138 A.2d 203 (1958). Indeed, it is well established that a court may grant a new trial of its own motion, in the absence of a motion for a new trial if sufficient cause exists. *Commonwealth v. Dennison,* 441 Pa. 334, 272 A.2d 180 (1971); *Commonwealth ex rel. Wallace v. Burke,* 169 Pa.Super. 633, 84 A.2d 254 (1951).

not guilty and thereby reinstate the verdicts of guilty entered by the order dated August 6, 1981. We also remand for filing of post-verdict motions nunc pro tunc.[3]

Order vacated, verdicts of guilty reinstated and case remanded for filing of post-verdict motions nunc pro tunc.

LIPEZ, J., files a concurring opinion.

LIPEZ, Judge, concurring:

I agree with the majority that section 5505[1] of the Judicial Code effected no change in the law so as to authorize a trial court to change a previously entered guilty verdict to a not guilty one. As cogently stated by Judge Montgomery:

> In a criminal case tried without a jury, . . . the verdict rendered by the trial judge is a general verdict ". . . as if the defendant had put himself upon the inquest or country for trial, and his cause were being tried before a jury . . ." Therefore, after recording such a verdict, the authority of the trial judge over it would be the same as in the case of a verdict by a jury . . .

*Commonwealth v. Brown,* 192 Pa.Super.Ct. 498, 501–02 n. 1, 162 A.2d 13, 14 n. 1 (1960); *accord, Commonwealth v. Christian,* 215 Pa.Super.Ct. 8, 13–14, 257 A.2d 83, 85–86 (1969). However, rather than basing this conclusion on the majority theory that the prior case law falls within section 5505's introductory clause ("Except as otherwise provided or

**3.** While we are not able to determine from the record why defendant did not file post-verdict motions in the instant case, it may well be that counsel anticipated the action of the court in changing the verdict and for that reason did not file post-trial motions. Therefore, in the interest of justice, and due to our inability to ascertain the basis (e.g. sufficiency of the evidence and/or weight of the evidence) upon which the trial judge decided to attempt to amend the verdicts of guilty to not guilty, we remand to permit appellant the opportunity to file post-verdict motions nunc pro tunc and to allow the trial court to rule upon these motions subject, of course, to the traditional post-verdict standards of review herein set forth.

**1.** "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505.

prescribed by law"),[2] I would simply hold that section 5505 applies only to final orders, as the Supreme Court held with respect to section 5505's predecessor statute, the Act of June 1, 1959, P.L. 342, No. 70, § 1, 12 P.S. § 1032 (Supp. 1978–1979).[3] *Commonwealth v. Bowden,* 456 Pa. 278, 282 & n. 3, 309 A.2d 714, 717 & n. 3 (1972).

Section 5505 substantially reenacts 12 P.S. § 1032, which was repealed when section 5505 went into effect on June 27, 1978. *See* 42 Pa.C.S. § 5505, Official Source Note; *Commonwealth v. Demby,* 496 Pa. 509, 512 n. 6, 437 A.2d 1156, 1158 n. 6 (1981).[4] The Supreme Court's reasoning in holding

**2.** It is anomalous to hold that 42 Pa.C.S. § 5505 is consistent with *Commonwealth v. Christian, supra,* only because section 5505 contains the introductory clause, when *Christian* must be consistent with section 5505's predecessor statute, 12 P.S. § 1032 (Supp. 1978–1979), which was in effect at the time of the lower court proceedings in *Christian,* and which contained no similar introductory clause. *See* note 3, *infra.*

**3.** "In any civil, criminal or equitable proceeding in which the court has heretofore been vested with the power, jurisdiction and authority to alter, modify, suspend, reinstate, terminate, amend or rescind, any order, decree, judgment or sentence only during the term of court in which the order, decree, judgment or sentence, was entered of record, the court, in addition to such power, jurisdiction and authority, shall hereafter have the same power, jurisdiction and authority to alter, modify, suspend, reinstate, terminate, amend or rescind, the order, decree, judgment or sentence for a period of thirty days subsequent to the date of entering of record the order, decree, judgment or sentence, in any instance where the term of court shall terminate prior to such thirty day period: Provided, That all parties in interest, including the district attorney in criminal cases, are notified in advance of such proposed alteration, modification, suspension, reinstatement, termination, amendment or rescission." 12 P.S. § 1032 (Supp. 1978–1979) (repealed).

**4.** *Commonwealth v. Demby,* 496 Pa. 509, 512 & nn. 5–6, 437 A.2d 1156, 1158 & nn. 5–6 (1981) held that a trial court could reconsider an order denying an extension of time under Rule of Criminal Procedure 1100, because the court had statutory power to reconsider under 12 P.S. § 1032, as well as inherent power to do so, relying on *Commonwealth v. Cole,* 437 Pa. 288, 263 A.2d 339 (1970). Because an order denying a Rule 1100 extension is plainly interlocutory, our Supreme Court in *Demby* must have been unaware of its own previous holding in *Commonwealth v. Bowden, supra,* that 12 P.S. § 1032 applies only to final orders. The *Demby* opinion's reliance on *Commonwealth v. Cole, supra,* also seems incorrect, since *Cole* merely holds that courts have inherent authority to correct errors

that 12 P.S. § 1032 applied only to final orders, *Commonwealth v. Bowden, supra,* is equally applicable to section 5505. Thus section 5505 does not apply to verdicts, which are certainly not final orders.[5] Since it is wholly inapplica-

which are plain on the face of the order itself, and no such error was involved in *Demby.* Nevertheless, the result in *Demby* is correct, because a court has power to reconsider its interlocutory orders generally. See note 5, *infra.* The effect of interlocutory orders being outside the scope of 12 P.S. § 1032 (and its successor, 42 Pa.C.S. § 5505) is not to deprive the court of power to reconsider, but simply means such orders are not subject to the 30-day limitation. As stated in *Commonwealth v. Bowden, supra,* 456 Pa. at 282 n. 3, 309 A.2d at 717 n. 3: "It must be remembered judgment of sentence had not been passed in the instant case, thus, the purpose of the statute, finality, *Commonwealth v. Mackley,* 380 Pa. 70, 110 A.2d 172 (1955), and barring parties from extending the appeal period, *Philadelphia Suburban Transportation Co. v. DiFrancesco,* 362 Pa. 326, 66 A.2d 254 (1949), are not affected by allowing a change of an interlocutory order."

5. It is doubtful that a nonjury verdict is even an order. The Judicial Code's general definition ("'Order.' Includes judgment, decision, decree, sentence and adjudication." 42 Pa.C.S. § 102) is not helpful in ascertaining whether a verdict is ever an "order" for any purpose under the Code. Fortunately, we need not make this determination here, because even if entry of a nonjury verdict constituted an order, it would certainly not be a final one. *See, e.g. Commonwealth v. Nugent,* 291 Pa.Super.Ct. 421, 435 A.2d 1298 (1981) (order which is only a "determination of guilt", the equivalent of a nonjury verdict, is not a final order). This is sufficient to remove verdicts from the purview of section 5505, and therefore it is unnecessary to draw any distinction here as to whether a verdict for other purposes might be classified as either an interlocutory order or no order at all.

The distinction can be critical in other contexts, however, because the fact that section 5505 is inapplicable merely means that the court's power to reconsider is determined by law other than section 5505, and that other law differs with respect to interlocutory orders other than verdicts. Thus unlike verdicts, which cannot be reconsidered at all once entered, interlocutory orders generally not only may be reconsidered, but reconsideration may also take place more than 30 days after entry, so long as no appeal from the order has been taken. *Scharfman v. Philadelphia Transportation Company,* 234 Pa.Super.Ct. 563, 569, 340 A.2d 539, 542 (1975); *see Scoumiou v. United States Steel Corporation,* 293 Pa.Super.Ct. 254, 256 n. 2, 438 A.2d 981, 982 n. 2 (1981) (dictum).

The reason *Scharfman* and *Scoumiou* permit reconsideration beyond the time limits of 12 P.S. § 1032 and 42 Pa.C.S. § 5505, without mentioning those sections, is that sections 1032 and 5505 apply only to final orders, which I believe is the true basis for our decision in this case. *Scharfman* and *Scoumiou* do say that the court may not

ble to verdicts, section 5505 made no change in the law determining a trial judge's authority over his own verdict. That authority remains as it was before passage of section 5505, i.e., once a nonjury verdict is entered, it can only be overturned for the same reasons as a jury verdict. *Commonwealth v. Brown, supra; see Commonwealth v. Nelson,* 245 Pa.Super.Ct. 33, 38–39, 369 A.2d 279, 282 (1976) (concurring opinion by Spaeth, J.). Consequently, the trial judge here had no authority to change his verdict of "guilty" to "not guilty".

reconsider even an interlocutory order if an appeal has been taken, and the same limitation is prescribed by section 5505. In the case of interlocutory orders, however, this limitation does not derive from section 5505, but Rule of Appellate Procedure 1701(a) (and the case law which Rule 1701 codified when it became effective on July 1, 1976). With the exceptions specified in subsections (b) and (c), Rule 1701(a) operates to deprive the lower court of jurisdiction whenever an appeal is taken, whether it is from a final order, an appealable interlocutory order, or even a nonappealable interlocutory order. *See, e.g., Gordon v. Gordon,* 293 Pa.Super.Ct. 491, 497–99, 439 A.2d 683, 686 (1981), *aff'd per curiam,* 498 Pa. 570, 449 A.2d 1378 (1982).