586 A.2d 462

**Joseph HASSARD, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1990.

Decided Dec. 19, 1990.

Publication Ordered Jan. 31, 1991.

42

James J. Feerick, Havertown, for appellant.

Richelle Saunders Fisher, with her, Harold H. Cramer, Asst. Chief Counsel, David R. White, Asst. Counsel, and Timothy P. Wile, Asst. Counsel, Harrisburg, for appellee.

DOYLE, Judge.

The matter before the Court is in the nature of a preargument application for relief and the issue presented is the disposition of a "PETITION TO REMAND FOR TAKING ADDITIONAL EVIDENCE" on behalf of Joseph Hassard whose appeal from a seven year and three month license suspension was dismissed by the Court of Common Pleas of Delaware County on April 9, 1990. Hassard filed an appeal to this Court on May 8, 1990.

The Department of Transportation, Bureau of Driver Licensing (Bureau), suspended Hassard's license for a total of seven years and three months on the basis of four charges of violating the Vehicle Code (Code)[1] as follows: three months for driving under the influence of alcohol, Section 3731 of the Code[2] and an additional seven years as a habitual offender for violating Section 3742[3] of the Code (leaving the scene of an accident involving death or personal injury); Section 3743 of the Code[4] (leaving the scene of an accident involving property damage only); and Section

1. Vehicle Code, 75 Pa.C.S. §§ 1101–9910.
2. 75 Pa.C.S. § 3731.
3. 75 Pa.C.S. § 3742.
4. 75 Pa.C.S. § 3743.

1501 [5] of the Code (requiring drivers to be licensed). All of the violations occurred on April 8, 1989, out of a single episode and one accident, although it is not a matter of record either in this appeal or in the certified record submitted by the Bureau regarding the underlying criminal charges, exactly what occurred on April 8, 1989. All that the record reveals is that four charges were filed against the licensee under four separate sections of the Code and that there were no criminal convictions because Hassard was accepted into the A.R.D.[6] program.

Hassard's petition for remand has attached to it both a stipulation between his counsel and the District Attorney of Delaware County dated July 5, 1990, and an Order from the Court of Common Pleas of Delaware County, dated July 6, 1990, signed by Judge Melvin Levy, establishing that all of the charges except the DUI violation were dismissed as part of the A.R.D. proceeding. If indeed Hassard had not been convicted of all of the charges, or, in lieu of criminal convictions by acceptance into the A.R.D. program, if all of the charges were not part of the consideration for acceptance into the program, Hassard could not then be considered a habitual offender under Section 1542 of the Code [7] and the seven-year suspension would have to be vacated.

■ Hassard, therefore, seeks a remand to place in the record in the civil appeal of his license suspension the actual disposition of the criminal charges in the underlying A.R.D. proceeding.

The Code is not an exemplary model of clarity, but what it provides is as follows:

**Section 1542. Revocation of habitual offender's license**

**(a) General rule.**—The department shall revoke the operating privilege of any person found to be a habitual

**5.** 75 Pa.C.S. § 1501.

**6.** Accelerated Rehabilitative Disposition. *See generally Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928 (1985); Pa.R.Crim.P. 175–186.

**7.** 75 Pa.C.S. § 1542.

offender pursuant to the provisions of this section. A 'habitual offender' shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

**(b) Offenses enumerated.**—Three convictions arising from separate acts of any one or more of the following offenses committed either singularly or in combination by any person shall result in such person being designated as a habitual offender:

(1) Any offense set forth in section 1532 (relating to revocation or suspension of operating privilege).

. . . .

**(c) Accelerative Rehabilitative Disposition as an offense.**—*Acceptance of Accelerative Rehabilitative Disposition for any offense enumerated in subsection (b)* shall be considered an offense for the purposes of this section.

**(d) Period of revocation.**—The operating privilege of any person found to be a habitual offender under the provisions of this section shall be revoked by the department for a period of five years.

**(e) Additional offenses.**—Any additional offense committed within a period of five years shall result in a revocation for an additional period of two years. (Emphasis added.)

The quintessential issue, therefore, which faces a common pleas court in a suspension appeal where A.R.D. underlies the suspension, is what offenses are included in the phrase: "Acceptance of A.R.D. for any offense enumerated in subsection (b). . . ."

As already recited, the licensee in this case was *charged* with violating four sections of the Code, all arising out of one incident on April 8, 1989. In addition to Section 3731 (driving under the influence of alcohol or controlled sub-

stance) and Section 1501 (drivers required to be licensed), Hassard was also charged with violating *both* Section 3742 *and* Section 3743, which provide:

**Section 3742. Accidents involving death or personal injury**

**(a) General rule.**—The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident [and remain at the scene to provide information and render aid]....

**Section 3743. Accidents involving damage to attended vehicle or property**

**(a) General rule.**—The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident [and remain at the scene to provide information and render aid] ....

It is readily apparent that it would be highly unusual if not legally impossible for a defendant in a criminal case to be convicted of *both* Section 3742 *and* Section 3743 from acts which arose out of one accident, because the latter section concerns *only* property damage while the former concerns personal injury. The two sections are mutually exclusive, unless of course, the defendant had struck two or more vehicles—the one resulting in property damage only and the other resulting in personal injury. Even then a criminal conviction under both sections of the Code if three cars were involved would be questionable if both vehicles struck by the defendant and the entire incident were considered as "*an* accident" as that term is used in Sections 3742 and 3743. If the incident were considered as one singular accident, or if there were only one vehicle struck, a conviction under both sections would be legally impermissible.

Moreover, the trial judge, and hence this Court, is faced with the statutory provisions of Section 3731 of the Code, which deal with driving under the influence of alcohol. No

one disputes that Section 3731 conduct *was* an offense in consideration of which Hassard's A.R.D. application was accepted. Section 3731(d) pertinently provides:

**§ 3731. Driving under influence of alcohol or controlled substance.**

. . . .

**(d) Certain dispositions prohibited.**—The attorney for the Commonwealth shall *not* submit a charge brought under this section for Accelerated Rehabilitative Disposition if:

. . . .

(2) the defendant committed any other act in connection with the present offense which, in the judgment of the attorney for the Commonwealth, constitutes a violation of any of the specific offenses enumerated within section 1542 (relating to a *revocation* of habitual offender's license); or

(3) an accident occurred in connection with the events surrounding the current offense and any person, other than the defendant, was killed or seriously injured as a result of the accident. (Emphasis added.)

A reasonable interpretation of this section of the Code leads to the inescapable conclusion that if the Section 3742 charge (accident resulting in injury or death) *was* a violation under consideration, Hassard *would not have been accepted into the A.R.D. program* at all. This would occur for two reasons: first, because Section 3731(d)(*3*) prohibits it directly, and second, because a Section 3742 violation is an offense enumerated under Section 1532(a)(3) of the Code that results in a *revocation* of a licensee's license, and that automatically places it within the A.R.D. program's prohibited offenses under Section 3731(d)(*2*).

The record in this case is murky at best, not only with regard to the underlying facts of the incident which gave rise to the charges, but also with regard to the trial court's disposition of those charges at the A.R.D. hearing. The certified record submitted into evidence by the Bureau shows that only the DUI charges under Section 3731 of the

Code were definitively disposed of. In that part of the form designated "Terms of Accelerative Rehabilitative Disposition" for the DUI charges, there is a block stamp showing that the terms were:

Probation 1 year, pay costs, license suspension for 3 months. Have CRN Evaluation and follow recommendations of CRN Report. Defendant mandated to pay all fees to programs recommended.

The same part on the three other separate forms completed for the other three charges shows no disposition at all except "See disposition under DUI." Those forms did *not* say that the charges were included under the terms of the separate DUI disposition, nor do they indicate that the same disposition was made, or that *any* individual disposition was made; they simply state "See disposition under DUI."

We, therefore, must conclude, first, that if Hassard could not have been *convicted* under both Sections 3742 and 3743, both charges could not possibly have been included within the terms of the A.R.D. disposition, and second, that it is absolutely unclear from the certified record in this appeal what disposition was made of the charges, other than for DUI, in placing Hassard in the A.R.D. program, and that understanding is essential to disposing of this appeal because all that we are certain of is that Hassard was accepted into the A.R.D. program and the Bureau suspended his license for over seven years. *Why* he was accepted into that program, or more precisely, what charges were included in that acceptance, is vital to the disposition of this civil appeal; and, without that information, this Court cannot perform its appellate function.

The Bureau argues that the Licensee is mounting a collateral attack on the underlying charges and is seeking to have the common pleas court amend its previous order and urges as controlling law, *Commonwealth v. Parker*, 305 Pa.Superior Ct. 516, 451 A.2d 767 (1982). Such argument is unavailing because, while *Parker* does hold that a common pleas court is without jurisdiction to amend its order more than thirty days after its entry, we are in this

instance merely remanding this matter to the common pleas court to *explain* and *clarify* its order, not amend it. Accordingly we will grant the Licensee's application for remand.

### ORDER

NOW, December 19, 1990, upon consideration of the Appellant's Petition for Remand, and after argument heard by telephone conference call on October 10, 1990, Appellant's petition is hereby GRANTED.

This matter is remanded to the Court of Common Pleas of Delaware County for clarification of its order dated September 12, 1989.

Jurisdiction relinquished.