J-S22008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIJAH MALIK WHITE | : | No. 1475 WDA 2023 |

Appeal from the Order Entered December 1, 2023
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0001922-2021

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED: SEPTEMBER 20, 2024**

The Commonwealth of Pennsylvania appeals from the Order of the Westmoreland County Court of Common Pleas which granted the post-sentence motion of Elijah Malik White. The Order also vacated White's underlying convictions and judgment of sentence. The Order further reversed a prior order of court denying White's motion to suppress evidence obtained pursuant to a search of his vehicle; lastly, the Order dismissed the charges against White. After careful review of the record, we vacate and remand for reinstatement of the original orders and for further proceedings consistent with this memorandum.

This case arose out of a traffic stop and subsequent investigation of White's vehicle on January 19, 2021. On February 9, 2021, a criminal complaint was filed against White charging him with one count of driving under

the influence of a controlled substance ("DUI"), and three summary offenses, including obstructed lights not required, 75 Pa.C.S.A. § 4304. Following a preliminary hearing all counts were held for court.

On December 30, 2021, White filed a pretrial motion to suppress evidence, requesting that all evidence seized, and all statements made by White, be suppressed as they were obtained unlawfully. A suppression hearing was held on May 23, 2022. Following the hearing, the court took the motion under advisement pending the submission of briefs by the parties. On September 1, 2022, the court denied the motion to suppress.

On May 26, 2023, the parties appeared for a non-jury trial. In lieu of live testimony, the parties stipulated to the case being decided on the suppression hearing transcript. The court found White guilty of DUI, and not guilty of the summary offenses.

On June 27, 2023, the court sentenced White to 6 months' probation with restrictive DUI conditions and 30 days Electronic Home Monitoring, and ordered White to pay restitution, fines, costs, and fees. White was also subjected to a license suspension to be imposed by Penn DOT. The sentence was stayed pursuant to a defense request.

On July 4, 2023, White filed a timely post-sentence motion requesting that the verdict be set aside, alleging (1) his performance on the standardized field sobriety tests did not justify his arrest and a further search of his blood; (2) he was not subjected to any investigation by a drug cognition expert; (3)

the police did not obtain a search warrant for his blood and there was no exception to the search warrant requirement; (4) the Commonwealth failed to prove he was incapable of safe driving; and (5) the court issued inconsistent rulings by first finding White operated his motor vehicle without its required headlamps being engaged, which served as the sole basis for the DUI investigation, but later finding White not guilty of the summary violation of operating the motor vehicle without lights at his non-jury trial.

The court originally scheduled a hearing on the post-sentence motion for September 7, 2023, but subsequently continued the hearing to September 20, 2023. On September 20, 2023, the court filed an order granting a defense request for a 30-day extension and requesting submissions by both the Commonwealth and the defense by November 13, 2023. The record is devoid of any information regarding a post-sentence hearing or any submissions by either party. The trial court states in its 1925 opinion that neither party elected to submit briefs. *See* Trial Court Opinion, 1/30/24, at 3.

On December 1, 2023, the trial court entered an order granting the post-sentence motion, vacating the June 27, 2023 judgment of sentence, reversing the order denying suppression, and dismissing all charges. Relevantly, the court did not address the first four issues raised in the post-sentence motion. Rather, the court supported its decision based somewhat on the fifth issue as follows:

> [U]pon a thorough review of the record, the court finds that [White] was charged with 75 Pa.C.S.A. § 4304 (obstructed lights

not required), as opposed to 75 Pa.C.S.A. § 4302 (periods for requiring lighted lamps). Despite the court's previous determination that the trooper possessed sufficient probable cause to initiate a traffic stop of [White]'s vehicle for failure to utilize his headlights during the time necessitated by statute, the court finds that this offense was not actually charged in the criminal information. As the Commonwealth has failed to establish sufficient probable cause of a violation of 75 Pa.C.S.A. § 4304 or any other charged offense to justify the initiate traffic stop, the court is constrained to reverse its previous ruling denying [White]'s suppression motion.

Opinion and Order of Court, 12/1/23, at 1 (footnote and unnecessary capitalization omitted). In response, the Commonwealth filed the instant timely appeal.

Following the Commonwealth's submission of its 1925(b) concise statement, the trial court, by way of a January 30, 2024 letter to the Prothonotary of Superior Court of Pennsylvania, sought to withdraw its order granting White's post-sentence motion, and asked the Prothonotary to remand the matter to the trial court in order for it to correct its error and address the merits of the post-sentence motion. The court later filed a 1925(a) opinion further addressing the error and request for remand.

Preliminarily, White contends the Commonwealth may not appeal from the challenged post-verdict order that changed the verdict of guilty to not guilty due to double jeopardy concerns. We find, however, that the Commonwealth may properly appeal from the challenged post-verdict order since an appellate reversal of that order would result only in the reinstatement of the original verdicts and would not intrude upon White's double jeopardy

rights. Such a determination involves a question of law; thus, "our scope of review is plenary and our standard of review is *de novo.*" ***Commonwealth v. Baldwin***, 158 A.3d 1287, 1292 (Pa. Super. 2017) (citation omitted).

> The Double Jeopardy Clause, applicable to the States through the Fourteenth Amendment, provides that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.' "Under the Double Jeopardy Clauses of the United States and Pennsylvania Constitutions, as well as under the Pennsylvania Crimes Code, a second prosecution for the same offense after acquittal is prohibited."
>
> …
>
> Accordingly, "[w]hen a successful post[-]acquittal appeal by the prosecution would lead to proceedings that violate the Double Jeopardy Clause, the appeal itself has no purpose" and is prohibited.
>
> However, the United States Supreme Court has made a distinction, for double jeopardy purposes, between an appeal from a judgment of acquittal and an appeal from "a post[-]verdict ruling of law by a trial judge." Unlike an appeal from a judgment of acquittal, correcting an error of law post-verdict does not "grant the prosecutor a new trial or subject the defendant to the harassment traditionally associated with multiple prosecutions." Accordingly, "when a judge rules in favor of the defendant after a verdict of guilty has been entered by the trier of fact, the [g]overnment may appeal from that ruling without running afoul of the Double Jeopardy Clause."

***Commonwealth v. Wilson***, 227 A.3d 928, 936 (Pa. Super. 2020) (citations and quotation marks omitted).

Here, the trial court entered a verdict of guilty. Post-sentencing, the trial court, on its own, decided to vacate the verdict and dismiss the charges. In ***Commonwealth v. Parker***, 451 A.2d 767 (Pa. Super. 1982), the trial court entered a guilty verdict following a bench trial. The defendant did not file a

- 5 -

post-verdict motion, but the trial court *sua sponte* entered an order changing the verdict to not guilty. **See id**. at 770. In such a situation, "[t]he challenged order is not truly a verdict of acquittal, but an order purporting to change already recorded and docketed verdicts of guilty, entered by a previous order, to verdicts of not guilty." **Id**. Because this Court was only reviewing the procedural propriety of the subsequent order, and vacation of the challenged order would result in a reinstatement of the original guilty verdict, this Court concluded that the Commonwealth's appeal was not barred by double jeopardy. **Id**.

Similarly, here, the challenged order is not truly a verdict of acquittal, but an order purporting to change an already recorded and docketed verdict of guilty, entered by a previous order, to a verdict of not guilty. Since we limit our review only to the procedural propriety of the subsequent order it is clear White will not be twice placed in jeopardy by our review. Vacation of the challenged order necessarily has the effect of reinstating the original verdict of guilty. **See United States v. Kopp**, 429 U.S. 121 (1976) (government could properly appeal from an order dismissing an indictment which was entered after the defendant was found guilty in a non-jury trial but prior to sentencing). Therefore, we find the Commonwealth's appeal is properly before this Court.

We therefore address the Commonwealth's claim on appeal that the court erred in reversing its earlier suppression decision. In response to the

Commonwealth's appeal, the trial court has agreed that it erred and requests that this Court remand the case so the original orders may be reinstated. In doing so, the court acknowledged that it erred by granting White's post-sentence motion "on a technicality" and reversing/vacating its previous rulings—namely White's conviction, judgment of sentence and order denying the pretrial motion to suppress. Correspondence to Prothonotary, 1/20/24 ("Under the circumstances, the [c]ourt determines that suppression of evidence and dismissal of the relevant charge(s) was not an appropriate remedy.").

We agree that the court's justification for its December 1, 2023 order, based on a finding that White was not charged with an offense that established probable cause for the stop of White's vehicle, was erroneous.

"Once probable cause is established, it does not dissipate simply because the suspect is not charged with the particular crime which led to the finding of probable cause." *Commonwealth v. Canning*, 587 A.2d 330, 332 (Pa. Super. 1991). Accordingly, and despite any confusion that may have occurred at the suppression hearing, it is of no moment that the Commonwealth did not ultimately charge White with a violation of Section 4302. The trial court found the Commonwealth possessed sufficient probable cause to conduct a traffic stop of White's vehicle based on him not using his headlights. That finding remains proper and binding regardless of with which offenses the Commonwealth ultimately charged White.

Accordingly, the initial rulings entered September 1, 2022, May 26, 2023, and June 27, 2023 were procedurally appropriate and should not have been reversed or vacated by the trial court. We therefore vacate the order appealed from and remand the case to the trial court to reinstate the original orders entered September 1, 2022, May 26, 2023, and June 27, 2023. Upon remand, the trial court is to consider the remaining arguments raised in the post-sentence motion which were not previously addressed by the trial court and enter an appropriate order within 30 days of the date of this Memorandum.

Order vacated. Case remanded with instructions consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/20/2024