513 A.2d 1034

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Eric GAITHER, Appellee.**

Superior Court of Pennsylvania.

Submitted May 7, 1986.

Filed Aug. 11, 1986.

Kathleen A. McDonnell, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Ronald J. Pressley, Philadelphia, for appellee.

Before CIRILLO, President Judge, and WIEAND and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This appeal is from the order of the Court of Common Pleas of Philadelphia County reducing the grade of appellee's robbery conviction. Appellee was found guilty in a non-jury trial before the Honorable Judge D'Alessandro of robbery, a felony of the first degree,[1] and related charges.[2] While post-trial motions were pending, appellee's codefendant was tried before Judge D'Alessandro and was convicted of robbery, a felony in the third degree and the same accompanying offenses. In response to appellee's post-trial motions which, *inter alia,* challenged the sufficiency of the robbery conviction, Judge D'Alessandro amended his findings, and downgraded appellee's conviction to robbery, a felony of the third degree. Appellee was then sentenced to a term of four to eight months in the county prison on the

---

1. 18 Pa.Cons.Stat.Ann.Sec. 3701(a)(1)(ii) (Purdon 1985).

2. Appellee was also convicted of theft by unlawful taking or disposition (18 Pa.Cons.Stat.Ann.Sec. 3921), theft by receiving stolen property (18 Pa.Cons.Stat.Ann.Sec. 3925), simple assault (18 Pa.Cons.Stat.Ann.Sec. 2701), possession of an instrument of crime, generally (18 Pa.Cons.Stat.Ann.Sec. 907(a)), possession of an instrument of crime, weapons (18 Pa.Cons.Stat.Ann.Sec. 907(b)), and criminal conspiracy (18 Pa.Cons.Stat.Ann.Sec. 903).

third degree felony robbery conviction. This appeal is brought by the Commonwealth, which raises one issue for our consideration: whether the trial court erred in arresting judgment of appellee's conviction of first degree felony robbery and substituting a lesser third degree felony robbery conviction.

It is clear that a trial judge has no more authority over a verdict in a non-jury trial than he does over a jury verdict. Following the recording of a verdict in a non-jury trial, the trial judge is limited to a consideration of post-verdict motions in arrest of judgment or the granting of a new trial. *Commonwealth v. Meadows*, 471 Pa. 201, 369 A.2d 1266 (1977); *Commonwealth v. Parker*, 305 Pa.Super. 516, 451 A.2d 767 (1982). In a motion for an arrest of judgment, the trial judge cannot alter the verdict based upon a redetermination of credibility or a re-evaluation of the evidence. *Commonwealth v. Parker*, 305 Pa.Super. 516, 451 A.2d 767 (1982).

In the case at bar, the trial judge states that he changed the degree of appellee's conviction using the discretionary powers of the court. Thus, he claims that the court will not confine its review of the evidence to that typically undertaken in an arrest of judgment. In effect, the trial judge used a hybrid of sua sponte reconsideration and reconsideration based on a motion in arrest of judgment. There is, however, no authority cited for the trial judge's action. Therefore, it is incumbent upon our court to determine whether the trial judge acted properly. We find that the trial judge acted improperly.

In *Commonwealth v. Parker*, 305 Pa.Super. 516, 451 A.2d 767 (1982), the trial judge found the appellee, Parker, guilty of robbery and possession of an instrument of crime following a non-jury trial. Four days past the deadline for filing post-verdict motions, the lower court entered an order reconsidering its verdict of guilty. Parker's trial judge ordered, upon reconsideration of the facts, that the verdict of guilty be changed to a verdict of not guilty. *Id.*, 305

Pa.Super. at 518–522, 451 A.2d at 768–769. On appeal, this Court vacated the trial judge's order and reinstated the verdicts of guilty, as we held that the trial judge exceeded his post-verdict authority in reconsidering the facts of appellee's conviction.

In *Commonwealth v. Rawles*, 501 Pa. 514, 462 A.2d 619 (1983), the trial judge changed a jury verdict of first degree murder to a finding of third degree murder upon consideration of appellee, Rawles', post-verdict motions which alleged, *inter alia*, that the evidence was insufficient to support a finding of first degree murder. Upon review of the evidence presented to the trial court, the Supreme Court of Pennsylvania concluded that the trial judge erred in granting an arrest of judgment motion, and reversed the trial court order. *Id.* In so acting, the Pennsylvania Supreme Court stated that although the trial court may have been disturbed over some of the facts established at trial, the trial judge was limited to a determination of whether the facts as found below were sufficient to uphold the first degree murder conviction. *Id.*, 501 Pa. at 522, 462 A.2d at 623.

In the case at bar, the trial judge was obviously concerned with the discrepancy between the degree of robbery for which appellee was convicted, and that of his co-defendant. It was, however, improper for the trial judge to simply change appellee's degree of conviction. We feel that the trial judge should have either reviewed the evidence as found by him at trial to determine its sufficiency, or granted a new trial to the appellee if he was not confident of the initial conviction. *See Commonwealth v. Brown*, 192 Pa. Super. 498, 162 A.2d 13 (1960). Therefore, we are compelled to reverse the trial judge's order and reinstate the original verdict of robbery, a felony of the first degree, and remand for reconsideration only of appellee's post-trial motion for new trial, as this motion was not addressed by the trial court.

Order reversed, verdict of guilty of robbery, felony of the first degree reinstated, and case remanded for consideration

of post-trial motion for new trial. Jurisdiction is relinquished.

WIEAND, J., files concurring opinion.

WIEAND, Judge, concurring:

I agree with the majority that the trial court erred when it arrested judgment on a verdict of first degree felony robbery[1] and "substituted" a verdict of guilty of third degree felony robbery.[2] The evidence was clearly sufficient to sustain the original verdict of the trial judge, and he could not, in response to a motion in arrest of judgment, reevaluate the weight and credibility of the evidence to reach a different result.

The effect of a motion in arrest of judgment is to admit all facts which the Commonwealth's evidence tends to prove. *Commonwealth v. Davis*, 477 Pa. 197, 199, 383 A.2d 891, 892 (1978). In determining whether the evidence is sufficient to sustain the verdict, the evidence must be read in the light most favorable to the Commonwealth, which is entitled to all reasonable inferences arising therefrom. *Commonwealth v. Rawles*, 501 Pa. 514, 520, 462 A.2d 619, 622 (1983); *Commonwealth v. Davis, supra.*

In the instant case, the evidence showed that during the early morning hours of November 3, 1983, Officer Edward Cottrell, a member of the Philadelphia Police Department's "grandpop" squad, entered a subway station in Center City. He was followed by Eric Gaither, who is the appellee, and by an accomplice. Gaither demanded that Cottrell "Give me your f----- money." When Cottrell said, "No," Gaither told his accomplice to "shoot him." Cottrell, at this time, observed the butt end of a revolver in the belt of the accomplice. Gaither grabbed Cottrell by his jacket lapels, slammed him against the wall of the subway station, and removed from his person a roll of marked bills. Gaither and his accomplice were apprehended as they fled up the

1.  18 Pa.C.S. § 3701(a)(1)(ii) & (b).
2.  18 Pa.C.S. § 3701(a)(1)(v) & (b).

subway stairs by a back-up team of police officers. The marked money was recovered from Gaither, and a .22 caliber blank gun, loaded with live rounds, was removed from the accomplice.

This evidence was sufficient to establish that Gaither was guilty of robbery in violation of 18 Pa.C.S. § 3701(a)(1), which provides as follows:

> A person is guilty of robbery if, in the course of committing theft, he
>
> .    .    .    .    .
>
> (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury.

This was a felony of the first degree. 18 Pa.C.S. § 3701(b). See: *Commonwealth v. Hurd*, 268 Pa.Super. 24, 407 A.2d 418 (1979).

The trial court found Gaither guilty of robbery, a felony of the first degree, but later, in response to a motion in arrest of judgment, reduced the crime to a felony of the third degree[3] because of "an inherent equitable power to amend its own judgment." The equitable consideration which moved the trial court to amend its verdict was the fact that the accomplice had been found guilty of robbery, a felony of the third degree.

To substitute a finding that Gaither was guilty only of robbery, a felony of the third degree, as the majority correctly holds, was improper. The trial judge had no greater authority to amend the nonjury verdict than he would have had to amend a jury verdict. *Commonwealth v. Meadows*, 471 Pa. 201, 205 n. 5, 369 A.2d 1266, 1268 n. 5 (1977); *Commonwealth v. Parker*, 305 Pa.Super. 516, 523, 451 A.2d 767, 770 (1982). As Judge Spaeth observed in a concurring opinion in *Commonwealth v. Nelson*, 245 Pa.Super. 33, 38–39, 369 A.2d 279, 282 (1976)[4]

---

**3.** Robbery is a felony of the third degree if a person "physically takes or removes property from the person of another by force however slight." 18 Pa.C.S. § 3701(a)(1)(v) & (b).

**4.** *Aff'd in part* at 476 Pa. 269, 382 A.2d 715 (1977).

Anyone who has been a trial judge will recognize what happened here. The judge had a difficult decision to make. He made it—he found appellant guilty—but then he started to worry that perhaps he had made a mistake. We have all experienced such worry. It can be very painful. It does not, however, justify a change of mind. Had the judge been sitting with a jury, and had one of the jurors come to him after the trial and expressed the wish to change his verdict, the judge would have told him that he could not. Here, the judge was the jury. He should have said to himself what he would have said to the juror.

For the foregoing reasons, I agree that the trial court's order arresting judgment and substituting a lesser verdict was erroneous and must be reversed. I also agree that a remand is necessary to permit the trial court to consider and decide appellee's undetermined motion for new trial.