663 A.2d 210

COMMONWEALTH of Pennsylvania, Appellant,

v.

Thomas SEVERNS.

Superior Court of Pennsylvania.

Argued April 24, 1995.

Filed Aug. 9, 1995.

Mary L. Porto, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Peter Rosalsky, Asst. Public Defender, Philadelphia, for appellee.

Before ROWLEY, President Judge, and TAMILIA and SAYLOR, JJ.

ROWLEY, President Judge.

Appellee Thomas Severns was arrested and charged with violating 35 P.S. § 780–113(a)(16), possession of a controlled substance, and 35 P.S. § 780–113(a)(30), possession with intent to deliver. Failing in a motion to suppress twelve vials of cocaine seized from him at the time of his arrest, appellee proceeded to a bench trial after entering pleas of not guilty to both charges. The trial court acquitted appellee of possession with intent to deliver, but found him guilty of simple possession.

Appellee's counsel immediately requested the trial court to "hold the guilty [verdict] to the possession [charge] in abeyance," insisting that appellee qualified for probation without verdict under 35 P.S. § 780–117 (Section 17), "because the statute states that a person who has either pled no contest, pled guilty or *actually having been found guilty at trial*, is eligible for [probation without verdict]." [1] N.T., 10/12/93, at 3. The trial court deferred adjudication and ordered Section 17 evaluation.

On October 19, 1993, the Commonwealth conducted a colloquy during which appellee was asked whether "anyone made any threats or promises to you to make you plead nolo contend[e]re?" N.T., 10/19/93, at 8. However, no formal plea appears of record. The trial court then vacated its guilty verdict, and declared it would hold it "in abeyance until you complete the Section–17 program." *Id.* at 13. The Commonwealth's petition for reconsideration was denied on October 26, 1993, and this timely appeal followed. We vacate sentence of probation without verdict, reinstate the trial court's guilty verdict, and remand for re-sentencing.

1. Title 35 P.S. § 780–117, in fact, reads:
   Except as provided in clause (1) of this subsection, the court may place a person on probation without verdict if the person pleads nolo contendere or guilty to any nonviolent offense under this act and the person proves he is drug-dependent.[ ]

The question for our review, as posited by both the Commonwealth and appellee, is whether the sentence appellee received is illegal under section 17 of Title 35 P.S. § 780–113 *et seq.,* the Controlled Substance, Drug, Device and Cosmetic Act. The Commonwealth contends that the plain language of the statute restricts eligibility for imposition of probation without verdict to a person who "pleads nolo contendere or guilty to any nonviolent offense under this act and [who] proves he is drug dependent." 35 P.S. § 780–117.

Appellee contends that the Commonwealth is being "overly technical," Appellee's Brief at 7, and argues that he "constructively" pled guilty and thus is eligible for probation without verdict. Alternatively, appellee argues that he only pled not guilty because he was "overcharged" by the Commonwealth, and that the trial court's acquittal on the charge of possession with intent to deliver validates this claim. Lastly, appellee raises a constitutional challenge to the statute, contending that restricting section 17 eligibility to defendants who plead guilty or *nolo contendere* violates a defendant's right to plead not guilty and be tried.

Dispensing with these claims in the order presented, the record supports the Commonwealth's position that appellee pled not guilty, proceeded to trial, and an adjudication of guilt was made by the trial court. There is no basis upon which to find that appellee "constructively" pled guilty at any time prior to the trial court's finding him guilty of simple possession. The record also supports the Commonwealth's position that the facts that led to appellee's arrest provided probable cause to charge him with *both* simple possession and possession with intent to deliver. *Commonwealth v. Berryman,* 437 Pa.Super. 258, 649 A.2d 961 (1994) (*en banc*) (prosecutors required to refrain from prosecuting a charge known not to be supported by probable cause). Thus, appellee's claim that he was somehow forced to plead not guilty by virtue of being overcharged is meritless. We note that there is no evidence in the record to suggest that appellee made any attempt to offer a plea of guilty to simple possession, and not guilty to

50

possession with intent to deliver for the court's approval. *Commonwealth v. Stewart,* 493 Pa. 24, 30, 425 A.2d 346, 349 (1981). Appellee may not now blame the Commonwealth for his own failure to elect this course.

While this reasoning also dispenses with appellee's constitutional argument, as he was not precluded from making a choice with respect to the pleas entered, we need not address this claim, as no cross-appeal has been filed. *Arcidiacono v. Timeless Towns of the Americas,* 363 Pa.Super. 528, 526 A.2d 804 (1987); *see also Berryman, supra,* 437 Pa.Super. 258, 649 A.2d 961 (appellee waived constitutional issue by failing to raise it at sentencing).

■ This is a simple case of trial counsel misstating the law. The statutory provision at issue was amended in 1992 to reflect the legislature's intent to specifically limit eligibility to receive probation without verdict to those who plead guilty or *nolo contendere,* and who prove drug dependency.[2] Appellee elected to plead not guilty, and his failure to alter that course prior to an adjudication with respect to his guilt eliminated any possibility that he could receive probation without verdict. We note that the record reveals no evidence that appellee established his drug-dependent status prior to the trial court's ordering section 17 disposition, which is also in contravention of the statute.

■ We need not decide whether a trial court has the authority under *any* circumstances to permit a defendant to

**2.** As enacted in 1972, section 780–117 read, in pertinent part:
A person may be entitled to probation without verdict under the following circumstances:
(1) A person [ ] is eligible for probation without verdict if he pleads nolo contendere or guilty to, *or is found guilty of,* any nonviolent offense under this act.
April 14, 1972, P.L. 233, No. 64, § 17, eff. June 14, 1972 (emphasis supplied).
As amended in 1992, section 780–117 deleted the above italicized section, to read in pertinent part:
Except as provided in clause (1)[ ], the court may place a person on probation without verdict if the person pleads nolo contendere or guilty to any nonviolent offense under this act *and the person proves he is drug dependent.*[ ]
April 16, 1992, P.L. 165, No. 30, § 2, eff. June 16, 1992 (emphasis supplied).

enter a plea of *nolo contendere, after* the defendant pleads not guilty, proceeds to and completes a trial, and has already been found guilty.[3]   A trial court clearly may not do so where, as here, the order is entered in a bald attempt to circumvent a clear statutory exclusion.   As the en banc panel of this Court determined in *Berryman, supra,* "[b]y limiting who is eligible to receive probation without verdict, the legislature has limited, to an extent, the discretion of the trial court to impose probation without verdict."   *Id.,* 437 Pa.Super. at 277–78, 649 A.2d at 971.   If the trial court had any doubt with respect to the propriety of its verdict, the proper course would have been to "review the evidence for sufficiency or grant[ ] a new trial." *Commonwealth v. Gaither,* 355 Pa.Super. 502, 513 A.2d 1034 (1986).

Appellee's sentence of probation without verdict is vacated. The trial court's verdict is reinstated.   Case remanded for resentencing.   Jurisdiction relinquished.

---

**3.**  As a matter of pretrial procedure, a defendant "may plead not guilty, guilty, or, with the consent of the court, nolo contendere."   Pa. R.Crim.P. 319(a).   In the normal course of events, if a defendant pleads not guilty he proceeds to trial by jury, or if he or she waives that right, before the bench.   Pa.R.Crim.P. 1102(a).   Any verdict subsequently rendered by the trial court is given the same "force and effect" as a jury verdict.   *Id.*   Section 5505 of the Judicial Code, 42 Pa.C.S., authorizes a trial court to "modify or rescind" any order within thirty days after entry, but a trial court's authority over a verdict in a non-jury trial, once the verdict is recorded, is limited to consideration of post-verdict motions made to arrest judgment or grant a new trial.   *Commonwealth v. Stark,* 526 Pa. 1, 584 A.2d 289 (1990); *Commonwealth v. Gaither,* 355 Pa.Super. 502, 513 A.2d 1034 (1986).

Entry of a guilty plea, or a plea of *nolo contendere,* on the other hand, obviates the necessity for a trial, as the defendant is either admitting guilt to the charge(s) at issue, or stating essentially, "I will not contest it."   Black's Law Dictionary 945 (5th ed. 1979).   Thus the Commonwealth is not put to a burden of establishing guilt beyond a reasonable doubt, as it must at trial.   It would seem to us that permitting a defendant to plead nolo contendere *after* being found guilty defies all logic.   There is nothing left to forgo contesting, once the facts are established by the trier of fact to be sufficient for a finding of guilt.