J-S16045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRY SCOTT | : | |
| | : | |
| Appellant | : | No. 797 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 31, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005240-2018

BEFORE: DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

DISSENTING STATEMENT BY DUBOW, J.: **FILED JUNE 26, 2020**

I respectfully dissent from the Majority's determination that the sentencing court adequately stated its reasons on the record for sentencing Appellant in the aggravated range of the Sentencing Guidelines and, therefore, I would remand for resentencing.

The Majority properly concludes that the court considered the Section 9721(b) sentencing factors by virtue of its consulting a PSI report at sentencing. 42 Pa.C.S. § 9721(b); ***Commonwealth v. Fowler***, 893 A.2d 758, 766-67 (Pa. Super. 2006) (citation omitted). In addition to the mandates of Section 9721(b), however, where a court imposes an aggravated range sentence it must state on the record the aggravating circumstances that occasioned the higher sentence. 204 Pa. Code 303.13(c).

A sentencing judge may consider "any legal factor" in imposing an aggravated range sentence, but "the sentencing judge's statement of reasons

on the record must reflect this consideration." **Commonwealth v. Bowen**, 975 A.2d 1120, 1122 (Pa. Super. 2009) (citation omitted). We have long recognized that the court may consider a defendant's prior arrests which did not result in convictions, as long as the court recognizes that the defendant had not been convicted of the charges. **Commonwealth v. Johnson**, 481 A.2d 1212, 1214 (Pa. Super. 1984); **Commonwealth v. Darden**, 531 A.2d 1144, 1149 (Pa. Super. 1987). Resentencing is appropriate where a sentencing court's statement on the record is inadequate. **Commonwealth v. Mrozik**, 213 A.3d 273, 278 (Pa. Super. 2019).

In the instant case, following a bench trial, the court convicted Appellant of Aggravated Assault as a second degree felony. N.T. Trial, 11/20/18, at 74. The court subsequently sentenced Appellant in the aggravated range of the Sentencing Guidelines. N.T. Sentencing, 1/31/19, at 12-13. The court's **only** explanation when imposing sentence was: "The break I cut you at the time of the trial, Mr. Scott, was pretty much the only break you're getting cut today. You understand that? 24 arrests −[.]" **Id.** at 12. Cutting Appellant a break at trial is not a "legal factor" to sentence him in the aggravated range.[1] Likewise,

___

[1] To the extent that the court sentenced Appellant in the aggravated range because Appellant received a "break" by being convicted of a second rather than first degree felony, resentencing is required. This is equivalent to a sentencing court applying an aggravated sentence because it disagrees with the jury's verdict. It does not matter that the judge sat as factfinder at Appellant's waiver trial. **Commonwealth v. Gaither**, 513 A.2d 1034, 1035 (Pa. Super. 1986) (once a verdict is recorded, "[i]t is clear that a trial judge has no more authority over a verdict in a non-jury trial than he does over a

although a sentencing court is permitted to consider prior arrests as an aggravating factor, I do not believe that a two-word statement, "24 arrests," without more, demonstrates sufficient consideration of "legal reasons" or shows recognition that the defendant was not convicted of some or all of those charges.

Since the sentencing court failed to place on the record sufficient reasons for sentencing Appellant in the aggravated range, I would vacate the Judgment of Sentence and remand for resentencing.

---

jury verdict."). Such conduct improperly invades the province of the factfinder. *See Commonwealth v. Smart*, 564 A.2d 512, 521-22, 524 (Pa. Super. 1989) (sentencing defendant in aggravated range for burglary conviction where he was acquitted of other more serious charges necessitated resentencing and "invite[d] a tremendous amount of suspicion that the trial court was simply disregarding the jury's verdict of not guilty of the various charges other than burglary[.] . . . To allow even an appearance of such a practice would erode the integrity of our criminal justice system.").